406 So.2d 569 (1981)
STATE of Louisiana
v.
Randy JOHNSON.
No. 81-KA-0971.
Supreme Court of Louisiana.
November 16, 1981.
Rehearing Denied December 14, 1981.
*570 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Henry N. Brown, Jr., Dist. Atty., Roland V. McKneely, Jr., Asst. Dist. Atty., for plaintiff-appellee.
Ford E. Stinson, Jr., Benton, Steven G. McKenzie, Asst. Indigent Defender, Bossier City, for defendant-appellant.
KLEES, Justice ad hoc.[*]
Defendant Randy Johnson was charged by bill of information with armed robbery, in violation of La.R.S. 14:64. Initially defendant pleaded not guilty, but after a plea bargain was reached with the state, he withdrew his former plea and entered a plea of guilty as charged. The trial judge accepted the plea and ordered a pre-sentence investigation report. Prior to sentencing, on March 3, 1981, defendant filed a motion to withdraw his guilty plea. On the same day, the motion to withdraw his guilty plea was heard and denied. Defendant was sentenced to serve twenty years at hard labor without the benefit of parole, probation or suspension of sentence. Defendant now appeals his conviction and sentence on the basis of three assignments of error.
The following facts were adduced from the plea hearings and the sentencing proceeding:
On January 10, 1978, at approximately 6:30 P.M., defendant approached the service station of Gibson Discount Store in Bossier City. Defendant wore a ski mask and was armed with a .22 revolver. He pointed a gun at the attendant, James T. Ayres, and told him that if he did not open the door he was going to blow his head off. The attendant gave the defendant the money. Defendant ran away from the station, went to the Holiday Lanes, and there called a cab. The police responded to the robbery, stopped the cab and arrested the defendant. The ski mask and revolver were recovered from the cab, and a search of the defendant uncovered the money taken from the service station, in his groin area, wadded up in toilet tissue. Defendant was taken back to the service station, where he was identified by eyewitnesses to the robbery. At the police station, defendant was questioned by Sergeant Charles Duncan. Defendant stated that he committed the robbery because he needed money to buy heroin for his $250.00 per day habit.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
By these assignments, the defense contends that the trial court erred in: (1) denying defendant's motion to withdraw his guilty plea; and (2) failing to appoint defendant new counsel to represent him at the hearing on the motion to withdraw his guilty plea, when one of the grounds for withdrawal was that his attorney had intimidated him into pleading guilty.
DENIAL OF THE MOTION TO WITHDRAW GUILTY PLEA
Defense counsel argues in brief that defendant should have been allowed to withdraw his guilty plea after he testified that his plea was the result of constant intimidation by his former counsel and the district attorney.
*571 The relevant facts surrounding the plea bargain agreement and defendant's subsequent motion to withdraw the guilty plea are as follows:
On February 27, 1978, defendant appeared in court for arraignment, represented by counsel. The defendant, again represented by counsel, appeared in court on March 30,1978 for trial; twelve jurors were drawn and sworn and the case was adjourned until the next day. On the next day, defendant failed to appear before the court. The property bond was forfeited and a bench warrant was issued for defendant's arrest. Defendant was apprehended two years later. The case was set for trial on September 22, 1980. On August 26, 1980, defendant appeared in court represented by the Indigent Defender Board. Defense counsel filed a motion to withdraw as counsel of record and the trial judge gave defendant until September 2, 1980 to enroll new counsel of record. Because defendant was unable to retain counsel, the Indigent Defender Board was re-appointed. On November 17, 1980, defendant and his attorney spoke to the District Attorney. A plea bargain was discussed but not reached whereby in return for the guilty plea, the defendant would not receive a sentence of more than twenty years and the District Attorney would not file a multiple offender bill. The case was called for trial and ten prospective jurors were selected and seated. At that point, defendant withdrew his plea of not guilty and entered a plea of guilty as charged. The trial judge accepted the plea and delayed sentencing, pending a pre-sentence investigation report. On March 3, 1981, defendant appeared in court and moved to withdraw the guilty plea. It was argued and denied. Defendant was then sentenced. On March 17, 1981, defendant appeared in court represented by an attorney with the Indigent Defender Board who moved that the Indigent Defender Board be withdrawn as counsel of record. The motion was argued and granted. The trial judge then appointed Ford Stinson, Jr., to represent defendant on appeal.
At the hearing on the motion to withdraw the guilty plea, defendant testified under direct examination by defense counsel, that his attorney had told him he "had better enter into the plea bargain because if he did not plead guilty, he would be found guilty and might not ever get out of jail." He testified that the District Attorney told him in the presence of defense counsel that based on the witnesses and defendant's admitting the commission of the crime, he would be found guilty if he went to trial. Defendant further testified that he did not enter his guilty plea until "after he was intimidated by all of you, everybody in this courtroom, everybody in this whole jail system. Threats."
The District Attorney, Henry Brown, Jr., with whom the plea bargain was entered, was called by the state to testify at the hearing. He stated that defendant and his attorney had requested to speak to him the morning of the trial. He stated that defendant began telling him that he was set up by one David Johnson and he did go to the scene, but someone was supposed to help him who worked at the store. The District Attorney stated that he informed defendant that he could tell his story to the jury, that as far as he was concerned that he would have to go to jail. He further testified that he informed the defendant and his attorney of the evidence against the defendant and of what the witnesses would testify to. The District Attorney stated that it was not until the jurors were seated and were about to be questioned on the voir dire examination that defendant informed his attorney that he wanted to plead guilty.
La.C.Cr.P.Art. 559 provides that the court may permit a plea of guilty to be withdrawn at any time before sentencing. This Court has consistently held that discretion to permit a guilty plea to be withdrawn is vested in the trial judge. That discretion, however, cannot be exercised arbitrarily and abuse of discretion can be corrected on appeal. State v. Franks, 391 So.2d 1133 (La.1980); State v. Banks, 383 So.2d 1009 (La.1980).
In denying defendant's motion to withdraw his guilty plea, the trial judge relied *572 on defendant's reason for alleging intimidation and his colloquy with defendant prior to accepting his plea. He stated that defendant had not made a sufficient showing of anything that would warrant a withdrawal of his plea. He further stated that he had given defendant every opportunity to tell the court if there was any intimidation, threat, force, or coercion prior to accepting his plea, and defendant had responded that there was none.
It is apparent to us that the trial judge did not abuse his discretion in denying defendant's motion to withdraw his guilty plea. An examination of the record of the guilty plea reveals a conscientious and meticulous effort on the part of the trial judge to explain the rights waived, the possible consequences, and to determine the voluntariness of defendant's plea.
Moreover, defendant's testimony shows not that he was intimidated, but that he properly and thoroughly was advised by defense attorney that it was more than likely he would be found guilty after trial. Also, the "intimidation" that defendant claims was present, appears to have resulted not from the actions of defense counsel or of the District Attorney, but rather by the overwhelming evidence against defendant and his choice between two undesirable alternatives. See, State v. Beatty, 391 So.2d 828 (La.1980).
Under the circumstances, the trial judge properly denied defendant's motion to withdraw his guilty plea.
FAILURE TO APPOINT NEW COUNSEL
Defense counsel urges that the trial court erred in failing to appoint defendant new counsel to represent him at the motion to withdraw his guilty plea. Counsel argues that because defendant sought to withdraw his guilty plea based on an allegation that the attorney who represented him had intimidated him into entering the guilty plea, the trial court should have appointed defendant new counsel for the hearing of the motion. Defense counsel also argues that the trial judge should have realized from the outset of the hearing that a conflict existed between defendant and his then attorney.
As a general rule, this Court has held that an attorney laboring under an actual conflict of interest cannot render effective legal assistance to the defendant he is representing. State v. Franklin, 400 So.2d 616 (La. 1981). If a criminal defendant is represented at trial by an attorney not merely appointed or retained, who labors under an actual and not merely a potential conflict of interest, the defendant has been denied effective assistance of counsel as a matter of law; and, unless he has knowingly waived his Sixth Amendment right to conflict free representation, reversal is automatic. No prejudice need be shown. Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978).
In the instant case, defendant's then attorney was placed in an uncomfortable position by his client, however, this does not seem to be the type of actual conflict contemplated by the above cited authorities. Defendant's allegation, if based on specific instances of intimidation, or substantiated in any way, would have been grounds for allowing him to withdraw his guilty plea and proceed to trial represented by another attorney. Defendant's assertions of misconduct, however, are nothing more than an attempt to further delay his sentence. As stated above, defendant's only allegation against his attorney was that he repeatedly advised him that the best course of action would be to plead guilty by way of a plea bargain with the Stateadvice that was properly given in light of the abundance of evidence against defendant.
Defense counsel allowed defendant to take the stand and give his testimony of what he considered intimidation. He also thoroughly cross-examined the District Attorney concerning his conversations with defendant. When the trial judge denied the motion, defense counsel immediately noted an objection to protect defendant's right to appellate review. Even if new counsel had been appointed to try the motion, defendant's reason for claiming intimidation *573 would still have been meritless and the motion would have been properly denied.
Based upon the overwhelming evidence of guilt and the voluntariness of defendant's guilty plea, a delay of the proceedings to appoint defendant new counsel for the hearing on the motion to withdraw the guilty plea appears to have been unnecessary.
And we find these assignments of error without merit.
ASSIGNMENT OF ERROR NO. 3
Here, defendant contends the trial court erred in imposing an excessive sentence.
The maximum penalty which can be imposed for a violation of La.R.S. 14:64 is ninety-nine years at hard labor, without the benefit of parole, probation or suspension of sentence. Defendant was sentenced to serve twenty years at hard labor, without the benefit of parole, probation or suspension of sentence.
Defense counsel urges that La.R.S. 14:64 is unconstitutional in that it results in the imposition of cruel, excessive or unusual punishment in violation of La.Const.1974 Art. I § 20.
This Court has previously held that the possible ninety-nine year sentence of imprisonment for armed robbery is not cruel, excessive or unusual. State v. McCrae, 383 So.2d 388 (La.1980); State v. Victorian, 332 So.2d 220 (La.1976); State v. Stewart, 325 So.2d 828 (La.1976), cert. denied, 425 U.S. 997, 96 S.Ct. 2213, 48 L.Ed.2d 822 (1976).
He further urges that the sentence is excessive under the facts of this case and therefore constitutes cruel and unusual punishment as to this particular defendant.
This argument is meritless.
The sentence imposed by the trial judge falls in the lower range of sentences which might have been imposed under the statute. This Court has held, however, that a sentence, although within the statutory limit, may be reviewed by this Court for excessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979). The trial judge's reasons for imposing sentence as required by La.C.Cr.P.Art. 894.1, are an important aid to this Court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Forshee, 395 So.2d 742 (La.1981); State v. Jones, 398 So.2d 1049 (La.1981). This court has held that a sentence is excessive if it is grossly out of proportion to the severity of the crime, or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Guiden, 399 So.2d 194 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). At the sentencing hearing the trial court relied on the presentence investigation report in imposing sentence. The trial judge informed defendant of letters he had received from several people and members of defendant's family on his behalf. He noted that defendant was twenty-four years old and was classified as a third felony offender. While noting that defendant had no prior juvenile record, the trial judge stated that defendant was arrested on another charge of armed robbery in 1974 which was later reduced to simple burglary and that defendant received one year confinement for that offense. The trial judge also noted that defendant was arrested in 1975 for attempted theft and was given ten days suspended sentence. He stated that defendant was arrested in 1976 for simple battery and was sentenced to ninety days in jail. The trial judge concluded that defendant had two simple robbery felony convictions, in addition to the present conviction, and four misdemeanor convictions. He noted that defendant was a high school drop out, finishing only the eleventh grade, but found that he had not been regularly employed since leaving school. The trial judge then concentrated on the present offense. He found that defendant was initially arrested for the armed robbery in 1978; but he jumped bail at the time of trial and was not apprehended again until July, 1980. He emphasized that defendant's mother is a school cook and is being held responsible for the $10,000 surety bond. He stated that despite the fact that her wages were being garnished at the rate of $140.00 per month *574 for the debt, she still wrote a letter to the court asking him to be lenient with defendant. The trial judge also noted that defendant had denied using drugs in the presentence investigation report, although he had admitted committing the armed robbery to support his $250.00 per day drug habit. The trial judge concluded that there was an undue risk defendant would commit another crime. He also stated that defendant was not eligible for a suspended sentence or probation because of the offense charged and that defendant was in need of correctional treatment or custodial environment that can be provided most effectively by commitment to an institution. The trial judge followed the wording of the La.C.Cr. P.Art. 894.1 in finding that none of the mitigating factors listed were present. He then stated that if it were not for the plea bargain and the recommended maximum of twenty years he would impose a more serious penalty than the one he was going to impose.
While the trial judge merely listed the mitigating factors in Art. 894.1(B) at the conclusion of his sentencing statement, the entire sentencing transcript indicates that the considerations taken into account were based upon the factual determinations stated earlier. As stated in State v. Spencer, supra, if the trial court has stated the factual basis and individual considerations on which the sentence is based, then review will focus upon whether the trial court's large discretion has been abused. State v. Cox, supra.
It does not appear that the trial judge abused his discretion in sentencing this third felony offender. In light of defendant's prior criminal record, the seriousness of the offense involved, and the fact that he escaped in order to avoid punishment for the instant offense, the sentence imposed does not appear grossly out of proportion to the severity of the crime, nor is it a purposeless and needless imposition of pain and suffering.
This assignment lacks merit.
For the foregoing reasons, the conviction and sentence are affirmed.
NOTES
[*] Judge Ned E. Doucet, Jr., Court of Appeal, Third Circuit and Judges Thomas J. Kliebert, and Robert J. Klees, Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices ad hoc joined by Chief Judge John A. Dixon and Associate Justices Pascal F. Calogero, Jr., James L. Dennis, Jack C. Watson.