461 So.2d 1259 (1984)
STATE of Louisiana
v.
James Mickeal JOHNSON.
No. 84-KA-0444.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
*1260 Ossie Brown, Dist. Atty. by Ernest Smithling, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Anne L. Jordan, Appellate Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
On February 2, 1983, James Mickeal Johnson (incorrectly spelled "Michael" and "Mickael" in the record) was indicted for one count of aggravated rape under LSA-R.S. 14:42 and one count of aggravated burglary under LSA-R.S. 14:60.[*] On February 7, after waiving formal arraignment, he pleaded not guilty to those charges. On March 24, defendant's counsel obtained an order appointing a sanity commission to determine whether the defendant was competent to stand trial and assist counsel. On May 6, at the sanity hearing, the question was submitted on reports of the two appointed commission doctors. The trial court found that defendant was able to assist counsel with his defense.
On August 24, the day set for trial, defendant moved to change his pleas from not guilty to guilty on each count. After a Boykin examination, the trial court concluded that the defendant understood the significance of his pleas and made a knowing and intelligent waiver of his rights. The trial court therefore accepted the defendant's guilty pleas, ordered a presentence investigation report, and deferred sentencing until November 30, later moved to February 1, 1984. On January 27, 1984, prior to sentencing, the defendant filed a motion to withdraw his guilty pleas. After a hearing, the trial court denied the motion. Thereafter on February 1, 1984, the court sentenced the defendant to life imprisonment without benefit of probation, parole, *1261 or suspension of sentence on the aggravated rape charge, and thirty years imprisonment on the aggravated burglary charge, with the sentences to run concurrently.
The defendant appeals the denial of his motion to withdraw his guilty pleas, urging two grounds for reversal. He contends first that, despite the findings of the commission doctors that he was competent to stand trial and assist counsel in his defense, he was nonetheless unable to understand the Boykin examination or make a knowing and voluntary waiver of his rights because of his "psychological profile." Second, he contends that the guilty pleas were made not as a result of his own volition but at the suggestion of his court appointed attorney.
A trial judge may permit the withdrawal of a guilty plea at any time before sentencing. LSA-C.Cr.P. art. 559. His decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Johnson, 406 So.2d 569 (La.1981); State v. Franks, 391 So.2d 1133 (La.1980), cert. denied 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818 (1981).
Defendant offers no substantiation to his claim that his "psychological profile" indicates that he was unable to understand the judge's explanation of the seriousness of the charges against him or the consequences of his pleas. He concedes in his brief that the Boykin examination was sufficient to inform any person of average intelligence of the nature of the proceedings and of the rights waived. In fact, there is nothing in the record demonstrating or even explaining what his "psychological profile" is, except perhaps the findings of both sanity commission doctors that the defendant has a history of alcohol and drug abuse. In spite of that history, however, both doctors were quite specific in their findings that the defendant was coherent, well oriented, cooperative, aware of the nature of the proceedings against him, the seriousness of the charges and the possible sentences he faced if found guilty, and able to assist in his defense. More important, at the Boykin hearing, the trial judge conducted a thorough examination of the defendant to determine whether he fully understood the charges and sentences he faced, including life imprisonment for the aggravated rape charge. Furthermore, the trial judge gave the defendant a painstaking review of the rights that he was waiving by pleading guilty, including the rights to a speedy and public trial by jury, to confrontation of witnesses, to compulsory process, and to the privilege against self-incrimination. Our review of that examination convinces us that the defendant fully understood the consequences of his pleas.
We find the defendant's second argument disingenuous. The defendant answered the judge unequivocally that his guilty pleas were offered freely, voluntarily, and of his own accord. At the close of the examination, his attorney offered the following explanation:
Mr. Johnson and I discussed this case in some detail several times. I was up at the prison until well after eight last night talking about it. He is the first person I have ever represented who has pled guilty to life without benefit. I hope it is my last. But we discussed it in some detail. I think what prompted Mr. Johnson most was remorse for what he did. He has no history of any type of sexual crimes. He had been drinking this particular night, but it was voluntary intoxication so that's no defense. The evidence is overwhelming, we discussed it in some detail. I won't get into that, but I just want to state for the record, Mr. Johnson fully confessed both on cassette tape and on video tape shortly after his arrest. He showed remorse from the very beginning. I think that's what prompted him to plead guilty today. And that is about all I can say.
Moreover, we do not believe that a guilty plea is made less voluntary or less informed by the considered advice of one's attorney, whether retained or appointed, in the absence of fraud, intimidation, or incompetence of counsel, none of which are present in this case.
*1262 Although we believe the defendant's decision to plead guilty was his own, if the defendant feels he was not given competent advice by his attorney, he may file an application for postconviction relief. LSA-C.Cr.P. art. 924 et seq. See State v. Boatright, 406 So.2d 163 (La.1981). However, our examination of the record reveals a "meticulous and conscientious effort" by the trial judge to explain to the defendant the serious consequences of his pleas and to determine whether his pleas were knowingly and voluntarily given. State v. Johnson, 406 So.2d at 572.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[*] Defendant was charged under docket # 2-83-162 with aggravated rape and aggravated burglary, and under docket # 2-83-163 with simple kidnapping. A motion for appeal was filed as to docket # 2-83-162. However, defendant's assignments of error were filed as to both docket numbers and the brief addresses both docket numbers. Despite this, the appeal was filed only as to docket # 2-83-162, and therefore, only the aggravated rape and aggravated burglary are properly before us.