471 So.2d 1017 (1985)
STATE of Louisiana
v.
Willie Nelson COTTON.
No. 84 KA 1141.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
Lewis V. Murray, III, Asst. Dist. Atty., Franklinton, for the State.
Oliver F. Johnson, Covington, for defendant.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
Defendant, Willie Nelson Cotton, was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64, in connection with an incident that occurred in May of 1983 in Bogalusa, Louisiana. Defendant pled not guilty and later filed a motion to suppress a photographic identification. The trial judge denied the motion. Subsequently, defendant changed his plea to guilty and entered into a plea bargain agreement, but reserved his right to appeal the denial of the motion. The trial judge sentenced defendant to 30 years at hard labor. Defendant appeals, alleging two assignments of error:[1]
1. The sentence is excessive.
*1018 2. The trial court erred in denying defendant's motion to suppress the identification.
We affirm.
On the afternoon of May 19, 1983, defendant entered a Bogalusa clothing store known as "The Shingle Shack". He shopped for 1-1½ hours before approaching the cash register with some clothes. At that point he pulled a gun and demanded money. The two employees, Muriel Rester and Susie Rester, were forced at gunpoint into a small room in the rear of the store and ordered to lie face down on the floor. Defendant then took the money from the register and some merchandise before fleeing. Nine hundred dollars in merchandise and cash were taken.[2]

ASSIGNMENT OF ERROR NUMBER ONE:
In this assignment of error, defendant contends the trial court erred in imposing an excessive sentence.
In the instant case, defendant entered into a plea bargain agreement wherein he pled guilty to the charge of armed robbery with the understanding that he would receive a thirty year sentence, and he was sentenced accordingly. When a defendant has entered into a plea bargain agreement, which includes the sentence to be imposed, he is precluded from challenging the sentence for excessiveness. State v. Bell, 412 So.2d 1335 (La.1982); State v. Beasley, 430 So.2d 1273 (La.App. 1st Cir. 1983). Therefore, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO:
In this assignment of error, defendant contends the trial court erred in denying defendant's motion to suppress the identification made by the victims from a photographic lineup.
This crime occurred on the afternoon of May 19, 1983. The defendant had been in the shop on several occasions prior to the robbery and the victims informed Detective McClendon, the investigating officer, that they knew defendant by sight but did not know his name. On the afternoon of the robbery, the victims had ample opportunity to observe defendant as he was in the store for over an hour immediately preceding the crime. The victims gave McClendon defendant's description and an arrest warrant was issued for him on May 27, 1983. Defendant was eventually located and arrested November 7, 1983. On November 10, 1983, Detective McClendon assembled an array of five black and white Bogalusa Police Department mug shots and took them to The Shingle Shack where Muriel Rester identified defendant. Susie Rester was not present in the shop at that time, but she picked out defendant's photograph at the police station later that day after viewing the photos for approximately fifteen seconds. Both victims later picked defendant out at a live line-up. In each instance of photographic identification, Detective McClendon testified that he informed the victim that he "had some photographs I would like her to look at and to see if she could identify anyone as being the person that pulled the robbery in the store."
Defendant contends his photograph was distinctive from the others because there was "no yellowing" on his and this created the likelihood of misidentification.
Detective McClendon testified there was "some yellowing" on the back of the other four photographs. Apparently, the back of a Polaroid photograph discolors with the passage of time. However, McClendon testified that in both instances, the photographs were not handled by the victims, but were placed face up on a table for them to view. The backs of the photographs were not viewed by either victim. Furthermore, *1019 the pictures had no marks on the front and were not arranged in any particular order.
A defendant attempting to suppress an identification has the burden of proving that it was suggestive and that the procedure used created the likelihood of misidentification. State v. Chaney, 423 So.2d 1092 (La.1982); LSA-C.Cr.P. art. 703 D. Defendant has failed to show that this photographic identification was tainted in anyway. Accordingly, we find no merit in this assignment of error.

ILLEGAL SENTENCE
The defendant received a sentence of 30 years at hard labor. This sentence is statutorily incorrect. The relevant penalty provision, LSA-R.S. 14:64 B provides:
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence. [Emphasis added.]
Since the sentence was not imposed without benefit of parole, probation or suspension, it not only fails to follow the statutory mandate, but the plea bargained sentence as well. Accordingly, we amend the sentence to provide that it shall be served without benefit of parole, probation or suspension of sentence. LSA-C.Cr.P. art. 882. In all other respects, the conviction and sentence are affirmed.[3]
AMENDED AND AS AMENDED AFFIRMED.
NOTES
[1] The single page document containing the assignments of error is the last page of the record; however no page number or filing date appears thereon. Nevertheless, we shall assume the document was filed in compliance with La.C.Cr.P. art. 844, and address the assignments of error.
[2] These facts are found in statements made by Assistant District Attorney Lewis Murray at the sentencing hearing.
[3] During the Boykin/sentencing hearing, the trial judge read the provisions of La.R.S. 14:64 to defendant, including the entire penalty provision. Furthermore, at a later point in the hearing, the following colloquy occurred:

BY THE COURT: Do you understand the sentence, Mr. Johnson [attorney for defendant]?
BY MR. JOHNSON: .... I understand the Judge, if he accepts the plea, will sentence you to thirty years with the Department of Corrections without benefit of probation, parole or suspension of sentence. Is that correct, your honor?
BY THE COURT: That's correct.
Therefore, it is apparent the trial judge and defendant were both well aware of the penalty provision prohibiting probation, parole or suspension. In fact, this formed a part of the plea bargain agreement. The trial judge merely inadvertently omitted it.