484 So.2d 933 (1986)
STATE of Louisiana
v.
Terry JONES.
No. KA 85 0925.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
*934 Jack Bride, Asst. Indigent Defender, Sunshine, John M. Bemiss, Jr., Asst. Indigent Defender, Port Allen, Jerry D'Aquila, Indigent Defender, New Roads, for defendant, appellant, Terry Jones.
T. Barry Wilkinson, Asst. Dist. Atty., Port Allen, for the State.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
Terry Jones was charged by bill of information with one count of armed robbery in violation of LSA-R.S. 14:64. Defendant pled guilty, pursuant to a plea bargain, with the understanding that he would receive a sentence of eleven years at hard labor, without benefit of parole, probation, or suspension of sentence. Before sentencing, however, defendant changed his mind and filed a motion to withdraw his guilty plea. After a hearing, Judge Catherine Kimball denied the motion. Thereafter, according to the plea bargain agreement, defendant was sentenced to eleven years at hard labor without benefit of parole, probation, or suspension of sentence. Defendant has appealed, alleging two assignments of error, as follows:
1. The trial court erred in denying the defendant's motion to withdraw his guilty plea.
2. The trial court erred in imposing an excessive sentence.
On November 30, 1984, Terry Jones and three accomplices drove to the Riviera Club on Highway 190 in West Baton Rouge Parish. As they departed the Riviera Club later that evening, all four men rode in the cab of the pickup truck belonging to one of the accomplices. While still in the parking lot of the Riviera Club, defendant, who was seated next to the door on the passenger side, got out of the truck. He then pulled a gun on Wanda Jean Barber and took her purse. The defendant and his three accomplices were arrested shortly thereafter in East Baton Rouge Parish.
ASSIGNMENT OF ERROR NUMBER ONE:
Defendant contends that the trial court erred in denying the motion to withdraw his guilty plea. In his brief, the only reason cited by the defendant to support his position is that, at the hearing on the motion to withdraw the guilty plea, "the defendant testified that he did not participate in the armed robbery that he was charged with."
The trial court may permit the withdrawal of a guilty plea at any time before sentencing. LSA-C.Cr.P. art. 559. His decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Johnson, 406 So.2d 569 (La.1981); State v. Franks, 391 So.2d 1133 (La.1980), cert. denied, 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818 (1981).
At the hearing on the motion to withdraw the guilty plea, defendant stated that he was not involved in the armed robbery. He testified that he was sleeping at a house belonging to one of the other participants in the crime. At the hearing, defendant also stated that he was taking medication at the time of the Boykin examination, which affected his understanding of those proceedings. He also testified that, at the Boykin examination, he pled guilty because his court-appointed attorney instructed him to do so.
*935 Defendant's arguments are not persuasive. The record reflects that Judge Kimball presided over both the Boykin examination and the hearing on the motion to withdraw the guilty plea. Referring to defendant's allegations that he was under medication and that he pled guilty only because he was instructed to do so by his attorney, the trial court stated:
"First of all, with regard to the defendant's assertion that he was heavily medicated at the date of the Boykin, the Court does absolutely not believe for one second that this defendant was under medication that would deprive him from understanding what was going on that day.
This Court took great pains to make absolutely certain that he understood each and everything that was asked him. Some of you may, some of you may not know this Court has particularly good ears and the Court heard Mr. Bemiss's comment to the defendant, which is the reason that I followed it with the question, `Are you telling me you had that gun because it was absolutely true?' And the defendant answered, `Yes, ma'am.' ...
The Court went through great pains, as it recalls, and as is reflected in the Boykin to make absolutely certain this defendant understood each and every point raised and the Court was absolutely certain at that time and is absolutely certain at this time that those things were understood. The Court does not believe that Mr. Bemiss forced this man to plead guilty and that this defendant knew exactly what he was doing and understood what answers he was giving to the extensive questions that were asked him.
So the Court will deny the request to withdraw the guilty plea."
The record of the Boykin examination is twenty pages long. This record reflects that the trial court gave defendant a painstaking review of the rights that he was waiving by entering his guilty plea. We are convinced that defendant fully understood the consequences of his plea. See State v. Johnson, 461 So.2d 1259 (La.App. 1st Cir.1984). Our examination of the record reveals a "meticulous and conscientious effort" by the trial court to explain to defendant the serious consequences of his plea and to determine whether his plea was knowingly and voluntarily given. State v. Johnson, 406 So.2d at 572.
Furthermore, we do not believe that a guilty plea is made less voluntary or less informed by the considered advice of one's attorney, whether retained or appointed, in the absence of fraud, intimidation, or incompetence of counsel, none of which are present in this case.[1]State v. Johnson, 461 So.2d at 1261.
Although we believe defendant's decision to plead guilty was his own, if the defendant feels he was not given competent advice by his attorney, he may file an application for post-conviction relief. LSA-C. Cr.P. art. 924, et seq. See State v. Johnson, supra, at 1262.
For the above reasons, this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO:
In this assignment of error, defendant contends that the trial court erred in imposing an excessive sentence.
In the instant case, defendant entered into a plea bargain agreement wherein he pled guilty to the charge of armed robbery with the understanding that he would receive an eleven year sentence; and he was sentenced accordingly. When a *936 defendant has entered into a plea bargain agreement, which includes the sentence to be imposed, he is precluded from challenging this sentence for excessiveness. State v. Cotton, 471 So.2d 1017 (La.App. 1st Cir. 1985).
This assignment of error lacks merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The reasons behind Mr. Bemiss's advising his client (the defendant) to plead guilty to this charge became apparent during the hearing on the motion to withdraw the defendant's guilty plea. Mr. Bemiss was allowed to inspect the district attorney's entire file on this case. It contained an incriminating statement, made by two of the accomplices, implicating the defendant in the robbery. This statement indicated that the defendant was the one who had the gun. Mr. Bemiss also discovered that the victim was present at the preliminary examination, and that she identified the defendant as the one who robbed her. Under the circumstances, it is clear why Mr. Bemiss concluded that he should advise the defendant to accept a plea bargain.