503 So.2d 1085 (1987)
STATE of Louisiana, Appellee,
v.
Ricky Wayne MYERS, Appellant.
No. 18739-KW.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1987.
Barnes & Jefferson by Stephen A. Jefferson, Monroe, for appellant.
James Norris, Dist. Atty., George Ross, Asst. Dist. Atty., Monroe, for appellee.
Before HALL, C.J., and JASPER E. JONES and FRED W. JONES, Jr., JJ.
HALL, Chief Judge.
The defendant, Ricky Wayne Myers, was charged by bill of information with driving while intoxicated, second offense, in violation of LSA-R.S. 14:98(C). Defendant filed a motion to quash asserting the invalidity *1086 of the guilty plea entered to the predicate offense on the basis that he was not informed of the "enhanced penalties or the consequences of pleading guilty to a DWI." The trial judge granted the motion to quash on these grounds. We granted the state's application for supervisory review in order to address this issue. For the reasons set forth herein, we reverse the ruling of the trial judge.
The Louisiana Supreme Court held in State v. Jones, 404 So.2d 1192 (La.1981), that the three right articulation rule of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) is applicable to a misdemeanor plea used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony. Accordingly, when a defendant pleads guilty to a misdemeanor the court must inform the defendant of his privilege against self-incrimination, his right to a trial by jury or a judge, his right to confront his accusers, and "make sure that the accused has a full understanding of what the plea connotes and of its consequence." Jones, at p. 1196.
In the instant case, the colloquy between defendant and the trial judge at the time defendant pled guilty to the predicate offense reveals that defendant was informed of all three of these rights in accordance with State v. Jones. However, the colloquy does not reveal that defendant was informed of the possibility of enhanced penalties upon subsequent DWI convictions.
In State v. Nuccio, 454 So.2d 93 (La. 1984), a felony case, the Louisiana Supreme Court held that there was no requirement that a defendant be informed that a guilty plea and conviction may be used as the basis for the filing of a future multiple offender bill. Our jurisprudence has not seen fit to expand the scope of Boykin beyond the three rights enumerated therein "to include advising the defendant of any other rights which he may have, nor of the possible consequences of his actions." Nuccio, at p. 104. The language from State v. Jones quoted above refers to the defendant's understanding of the waiver of the three rights and the immediate consequences thereof in the proceeding in which the guilty plea is entered and not to possible consequences in future proceedings. It is not necessary to inform a defendant that his guilty plea and conviction may be used to enhance the penalty to which he is subjected upon subsequent conviction for the same offense. Consequently, the trial court erred in granting defendant's motion to quash.

DECREE
We reverse the ruling of the trial court granting defendant's motion to quash, deny the motion, and remand the case for further proceedings.
REVERSED AND REMANDED.