517 So.2d 458 (1987)
STATE of Louisiana
v.
Leroy WRIGHT.
No. 87 KA 0780.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
*459 Bryan Bush, Dist. Atty., Office of the Dist. Atty., Baton Rouge, by Jesse Bankston, Asst. Dist. Atty., for plaintiff/appellee.
Office of the Public Defender, Baton Rouge, for defendant/appellant.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
The defendant, Leroy Wright, was charged by bill of information with third offense DWI, in violation of LSA-R.S. 14:98 D. The defendant filed a motion to quash arguing that the two previous DWI convictions were obtained by constitutionally defective guilty pleas. Specifically, the defendant argued that, before entering these guilty pleas, he should have been warned that they might be used as a basis for enhancing future DWI convictions. The trial judge denied this motion to quash. Thereafter, the defendant entered a Crosby [1] plea (reserving his right to appeal the denial of his motion to quash) as part of a plea bargain agreement, wherein he was promised, and actually received, a sentence of one year at hard labor, including six months without benefit of parole, probation, or suspension of sentence, in exchange for his guilty plea to the instant offense. The defendant has appealed, alleging two assignments of error, as follows:
1. The trial judge erred in denying the defendant's motion to quash because the two previous DWI convictions were obtained by constitutionally defective guilty pleas.
2. The trial judge erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
On October 2, 1986, at approximately 3:30 a.m., East Baton Rouge Sheriff's Deputy William Broadhurst stopped the defendant's vehicle after observing that it was proceeding in a very erratic manner. The defendant had been proceeding southbound on Plank Road near its intersection with Lorraine Street when Deputy Broadhurst observed the defendant's vehicle swerve off of the road at least twice. The defendant failed a field sobriety test, and a subsequent breath test indicated a .34 percent blood alcohol content.[2]

ASSIGNMENT OF ERROR NUMBER ONE
The defendant filed a motion to quash two prior DWI convictions asserting that the convictions were obtained by constitutionally defective guilty pleas. Specifically, the defendant argued that, before pleading guilty on these two occasions, he should have been informed by the trial judge that these guilty pleas could be used as a basis to enhance future DWI convictions.
The Louisiana Supreme Court held in State v. Jones, 404 So.2d 1192 (La.1981) that:
[W]henever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory *460 self-incrimination; (b) his right to trial and jury trial where it is applicable; (c) his right to confront his accusers, and to make sure that the accused has a full understanding of what the plea connotes and of its consequence.
Id. at 1196.
We find that there is an adequate record establishing the defendant's valid and knowing waiver of his constitutional rights in both of his previous guilty pleas. Therefore, these misdemeanor guilty pleas may be used to convert his subsequent misdemeanor, first offense DWI, into a felony, third offense DWI, and to enhance his actual imprisonment beyond the maximum six months jail sentence he could have received for second offense DWI.
We further find that our jurisprudence has been unwilling to extend the scope of Boykin[3] "to include advising the defendant of any other rights which he may have, nor of the possible consequences of his actions." State v. Myers, 503 So.2d 1085, 1086 (La.App. 2d Cir.1987); citing State v. Nuccio, 454 So.2d 93, 104 (La.1984).
In Myers, supra, the court encountered a factual situation almost identical to the instant case and concluded that a defendant was properly convicted of second offense DWI even though he was not advised when he plead guilty to the predicate offense of the possibility of enhanced penalties upon subsequent DWI convictions. We also note a similar refusal to expand the scope of Boykin under the Habitual Offender Statute, LSA-R.S. 15:529.1, which provides for the imposition of enhanced sentences for multiple felony offenders. State v. Jackson, 362 So.2d 1082 (La.1978); State v. Wagster, 489 So.2d 1299, 1307 (La.App. 1st Cir.), writ denied, 493 So.2d 1218 (La.1986); State v. Muse, 367 So.2d 789, 792 (La.1979).
Therefore, we likewise conclude that a trial judge does not have to advise the defendant that a DWI conviction resulting from a guilty plea could be used to enhance a future DWI conviction. We hold that the trial judge correctly denied the defendant's motion to quash. Therefore, this assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, the defendant contends that the trial judge erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
In the instant case, the defendant entered into a plea bargain agreement wherein he pled guilty to the charge of third offense DWI with the understanding that he would receive a sentence of one year at hard labor, including six months without benefit of parole, probation, or suspension of sentence; and he was sentenced accordingly. When a defendant has entered into a plea bargain agreement, which includes the sentence to be imposed, he is precluded from challenging this sentence for excessiveness. State v. Bell, 412 So.2d 1335 (La.1982); State v. Jones, 484 So.2d 933 (La.App. 1st Cir.1986); State v. Cotton, 471 So.2d 1017 (La.App. 1st Cir.1985). Furthermore, the trial judge need not state his reasons for imposing sentence, as is normally required by LSA-C.Cr.P. art. 894.1, when such sentence has been specifically agreed to as a consequence of a plea bargain. Bell, supra; State v. Cummings, 500 So.2d 856 (La.App. 1st Cir.1986).
For the above reasons, this assignment of error is meritless.
The conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] State v. Crosby, 338 So.2d 584 (La.1976).
[2] The above facts are derived from the preliminary examination hearing.
[3] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).