CARTER, Judge.
Newsome C. Charbonnet was charged by bill of information with third offense driving while intoxicated, in violation of LSA-R.S. 14:98 D. After trial by jury, the defendant was found guilty as charged. He received a sentence of one year in the parish jail, six months of which was to be served without benefit of parole, probation, or suspension of sentence. The remaining six months of the sentence was suspended, and the defendant was placed on supervised probation with special conditions.
Defendant brings this appeal urging eleven assignments of error as follows:
1. The trial court erred in denying the defendant’s motion to quash, which was based on the improper Boykin colloquies in the two predicate offenses.
2. The trial court erred in denying the defendant’s motion to suppress confessions, statements, and/or admissions.
3. The trial court erred in denying the defendant’s motion to quash.
4. The trial court erred in sustaining a state objection.
5. The trial court erred in overruling the defendant’s objection to the admission into evidence of State Exhibits S-l-A and S-l-B.
6. The trial court erred in overruling a defense objection.
7. The trial court erred in overruling the defendant’s objection to S-2 in globo.
8. The trial court erred in overruling the defendant’s objection to S-3.
9. The trial court erred in sustaining the prosecutor’s objection to a defense question.
10. The trial court erred in sustaining a state objection to defense counsel’s closing argument.
11. The trial court erred in denying the defendant’s motion for a new trial.
Assignments of error numbers two, five, six, and eight are not briefed, and therefore, are considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
FACTS
Slidell City Police Officer Rob Callahan testified that he was travelling south on *812 Third Street, in the City of Slidell, when he observed defendant operating a vehicle in an erratic manner in the opposite direction. Callahan made a U-turn and followed defendant’s vehicle. He observed defendant’s vehicle drift back and forth across the center yellow line and then onto the sidewalk three or four times. Callahan stopped defendant based on the observed erratic movement from lane to lane.
Defendant staggered as he exited his automobile. Callahan testified that defendant was unable to produce a driver’s license, advising that his license had been suspended. Defendant also smelled strongly of alcohol. Defendant was advised of the reason for the stop and given his Miranda rights. Thereafter, Callahan and backup officer, Randy Fandal, administered several field sobriety tests. After performing poorly on the sobriety tests, defendant was formally arrested for driving while intoxicated. Callahan testified that defendant initially begged and pleaded not to be arrested, advising that he would lose his job if convicted. However, when defendant realized that the officers were not going to release him, he became belligerent and verbally abusive. Thereafter, defendant refused to submit to a chemical test to determine intoxication.
ASSIGNMENTS OF ERROR NUMBERS ONE, THREE, SEVEN, AND ELEVEN:
By these assignments of error, defendant contends that the trial court erred by allowing the use of a second offense D.W.I. conviction, number 122,022 from the Twenty-Second Judicial District Court for the Parish of St. Tammany, as a predicate in the instant prosecution. Defendant initially attacked its use by a motion to quash, objected when documents supporting the conviction were admitted at trial, and finally sought a new trial on the ground of its introduction at trial on the merits.
Defendant argues that the disputed conviction was obtained by a constitutionally defective guilty plea. Specifically, he contends that before pleading guilty on the prior occasion, he should have been informed by the trial court that the guilty plea could be used to enhance future D.W. I. convictions. Contrary to defendant’s factual allegation, the transcript of the Boy-kin examination in that case reveals that defendant was so advised. The trial court stated, in pertinent part: “Do you understand that in Louisiana DWI is a cumulative offense? That is, each time that you plead guilty or are convicted of DWI, the penalty becomes more severe.” Defendant responded affirmatively. Moreover, in State v. Wright, 517 So.2d 458 (La.App. 1st Cir.1987), writ denied, 522 So.2d 1093 (La. 1988), this Court refused to expand the scope of the Boykin examination, concluding that a trial court is not required to advise a defendant that a D.W.I. conviction resulting from a guilty plea could be used to enhance a future D.W.I. conviction.
Accordingly, the trial court correctly denied the motions and objection on the ground re-urged herein. Therefore, these assignments of error are meritless.
ASSIGNMENTS OF ERROR NUMBERS FOUR, NINE, AND TEN:
By these assignments of error, defendant contends that the trial court erred by sustaining various objections by the prosecutor aimed at preventing the jury from hearing about the nature of defendant’s employment and about the fact that defendant would lose his job if convicted of a felony. Defendant asserts that had the jury been aware of defendant’s personal situation, it might have returned a responsive verdict.
Contrary to the defense allegations, the record reveals that defendant was allowed broad latitude in fully exploring the human consequences of a guilty verdict. Through the cross-examination of Officers Callahan and Fandal, defendant established that he begged and pleaded not to be arrested because he would lose his job if convicted of a felony grade of D.W.I. Defendant took the stand in his own behalf and testified in detail about his personal situation. He admitted that he was intoxicated when arrested by Officer Callahan. Defendant also testified that he would lose his job with a government contractor if convicted as charged. In addition, defendant stressed that he has now reformed his conduct. In *813 closing argument, defense counsel asked the jury to return a second offense D.W.I. conviction so that defendant could keep his job.
Defendant correctly notes that a jury may return any legislatively provided responsive verdict, whether or not the evidence supports the verdict, as long as the evidence was sufficient to support a conviction of the charged offense. See State ex rel Elaire v. Blackburn, 424 So.2d 246 (La.1982), cert. denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983). The fact that the jury in this case did not choose a compromise verdict is not attributable to their lack of information about the collateral consequences of such a verdict on defendant. To the contrary, the jurors apparently resisted defendant’s attempts to appeal to their sympathy rather than to their reasoned judgment.
Thus, these assignments of error lack merit.[1]
CONCLUSION
For the above reasons, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. Before sentencing, the trial court denied the defendant’s motion for a new trial. Immediately thereafter, the defendant was sentenced. LSA-C.Cr.P. art. 873 requires a minimum twenty-four hour delay between the denial of a motion for new trial and the imposition of sentence. However, this delay may be waived by the defendant.
An examination of the sentencing transcript reveals that, although there was no express waiver of the delay, there was an implicit waiver. After the trial court denied the motion for new trial, defense counsel objected to the ruling. Immediately after the objection, defense counsel began making some pre-sentencing comments on behalf of the defendant.
Where there is no showing of actual prejudice, the trial court's failure to observe the twenty-four hour waiting period before sentencing is harmless error. State v. Buie, 477 So.2d 157 (La.App. 1st Cir.1985). Furthermore, in the instant case, the defendant received the minimum sentence under LSA-R.S. 14:98 D.