SHORTESS, Judge.
Initially, defendant, Jerry Lewis, was charged by grand jury indictment with manslaughter, a violation of La.R.S. 14:31. Defendant pled guilty and was sentenced to imprisonment for twenty-one years. Defendant filed a pro se motion to withdraw his guilty plea which the trial judge granted and vacated defendant’s plea. However, the trial judge subsequently recalled the order and defendant’s guilty plea and sentence were allowed to stand. Defendant appealed to the Louisiana Supreme Court. In State v. Lewis, 421 So.2d 224 (La.1982), the Supreme Court reversed defendant’s conviction and sentence and remanded the case to the trial court for a determination of whether defendant should be allowed to withdraw his guilty plea. After a hearing the trial court permitted defendant to withdraw his guilty plea. He was then reindicted by the grand jury for second degree murder, a violation of La. R.S. 14:30.1. After a trial by jury, defendant was found guilty as charged and then sentenced to life imprisonment. Defendant appeals urging two assignments of error.
FACTS:
According to the evidence presented by the State, on January 1, 1980, the victim, Dennis Chaney, and several other persons (Calvin Ross, Ivy Christy, Sandy Christy, Lenard Tucker, Jeanette Tucker) were shooting fireworks at 2459 Jackson Avenue, Baton Rouge, Louisiana. Bobby Lewis, defendant’s brother, drove up and parked next door. Several minutes later, defendant and his girlfriend Clarice Wilson also drove up. After exchanging words, Bobby Lewis and Calvin Ross started fighting. Defendant pulled a gun and told the on-lookers to stay out of the fight. Clarice and Dennis Chaney began exchanging words. According to the state’s witnesses, Clarice approached Chaney with a brick. At this point, defendant shot Chaney two times. Chaney subsequently died of these wounds.
Defendant presented several witnesses who testified that Chaney had a rake (a type of comb with long spike teeth) in his hand and was threatening and advancing on defendant when he was shot. In addition the defense introduced evidence that Ross and Chaney had harassed defendant several hours earlier during the day as defendant walked to the store.
ASSIGNMENT OF ERROR NUMBER 1:
Defendant contends that his indictment for second degree murder after his initial indictment for manslaughter constitutes double jeopardy.
Both the United States and the Louisiana Constitutions prohibit placing an accused twice in jeopardy for the same offense. U.S. Const. amend. V; La. Const. art. I, § 15. More particularly, these provisions protect the accused against a second prosecution for the same offense after acquittal. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); State v. Hurst, 367 So.2d 1180 (La.1979). Consequently, when a person is found guilty of a lesser degree of the offense charged, the verdict of the court is deemed an acquittal of all greater offenses charged in the indictment; the principle of double jeopardy bars reprosecution on the greater *1252 offenses. Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).
Louisiana Code of Criminal Procedure art. 598 provides in part:
When a person is found guilty of a lesser degree of the offense charged, the verdict or judgment of the court is an acquittal of all greater offenses charged in the indictment and the defendant cannot thereafter be tried for those offenses on a new trial.
In State v. Boudreaux, 402 So.2d 629 (La.1981) the Louisiana Supreme Court held that a guilty plea to a lesser offense does not constitute an acquittal of the greater offense. Therefore, where the verdict entered on the guilty plea is vacated at defendant’s request, reprosecution on the greater offense is not barred.
In the instant case, defendant’s plea of guilty to manslaughter does not operate as an implicit acquittal of second degree murder. Therefore, defendant’s prosecution for second degree murder is not barred on grounds of double jeopardy.
In this same assignment, defendant also contends that reindictment on the harsher charge was a result of prosecutorial vindictiveness.
The leading case on prosecutorial vindictiveness is Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). In Blackledge, the defendant was convicted of a misdemeanor by a North Carolina State court. After the defendant claimed his right to a trial de novo in a higher court, the prosecutor obtained a superseding indictment charging the defendant with a felony rather than a misdemeanor. Both the original misdemeanor (assault with a deadly weapon) and the subsequent felony (assault with a deadly weapon with intent to kill) charges were based on the same set of facts.
In Blackledge, 94 S.Ct. at 2102-3, the Court stated:
A person convicted of an offense is entitled to pursue his statutory right to a trial de novo, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration. [citation omitted]
Due process of law requires that such a potential for vindictiveness must not enter into North Carolina’s two-tiered appellate process. We hold, therefore, that it was not constitutionally permissible for the State to respond to Perry’s invocation of his statutory right to appeal by bringing a more serious charge against him prior to the trial de novo.
In applying Blackledge, the 5th Circuit Court of Appeals in Hardwick v. Doolittle, 558 F.2d 292 (5th Cir.1977), cert. denied, 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978), noted that there is a broad ambit to prosecutorial discretion, most of which is not subject to judicial control. However, the court went on to state that a prosecutor’s discretion to reindict a defendant is constrained by the due process clause. Thus, once a prosecutor exercises his discretion to bring certain charges against a defendant neither he nor his successor may, without explanation, increase the number or severity of those charges in circumstances which suggest that the increase is in retaliation for defendant’s assertion of statutory or constitutional rights.
The court in Hardwick stated that a prosecutor could negate allegations of vindictiveness by proof of mistake or oversight in his initial action, a different approach to prosecutorial duty by a successor prosecutor, or public demand for prosecution on additional crimes allegedly committed, a list the court noted was illustrative rather than exhaustive.
The most recent statement of the law on prosecutorial vindictiveness by the 5th Circuit Court of Appeals appears in U.S. v. Krezdorn, 718 F.2d 1360, 1365 (5th Cir.1983) cert. denied, _ U.S. _, 104 S.Ct. 1416, 79 L.Ed.2d 742 (1984). In that case, at 718 F.2d 1365, the court stated:
If the defendant challenges as vindictive a prosecutorial decision to increase the number or severity of charges follow *1253 ing a successful appeal, the court must examine the prosecutor’s actions in the context of the entire proceedings. If any objective event or combination of events in those proceedings should indicate to a reasonable minded defendant that the prosecutor’s decision to increase the severity of charges was motivated by some purpose other than a vindictive desire to deter or punish appeals, no presumption of vindictiveness is created. In trying the issue of vindictiveness, the prosecutor may offer proof of the sort suggested in Hardwick that as a matter of fact his actions were not vindictive. The burden of proof (by a preponderance of the evidence) remains on the defendant who raised the affirmative defense. If, on the other hand, the course of events provides no objective indication that would allay a reasonable apprehension by the defendant that the more serious charge was vindictive, i.e., inspired by a determination to “punish a pesky defendant for exercising his legal rights,” a presumption of vindictiveness applies which cannot be overcome unless the government proves by a preponderance of the evidence that events occurring since the time of the original charge decision altered that initial exercise of the prosecutor’s discretion.
The procedural history in the instant case is rather straight forward. Defendant was initially indicted by a grand jury for manslaughter. More than a year later he pled guilty to manslaughter and was then sentenced to twenty-one years at hard labor. Defendant then sought to withdraw his guilty plea. Ultimately, he appealed to the Louisiana Supreme Court, and his case was remanded to the trial court where he was allowed to withdraw his guilty plea. A second indictment was then brought against defendant charging him with second degree murder.
The sequence of events as outlined above provides no “objective indication” as to the reason for the increase in the severity of the charges. Therefore, a presumption of vindictiveness applies which cannot be overcome unless the government proves by a preponderance of evidence that events occurring since the time of the original charge decision altered the initial exercise of the prosecutor’s discretion. U.S. v. Krezdorn, 718 F.2d at 1365.
We remand this case to the trial court for a hearing to allow the district attorney an opportunity to rebut the presumption of vindictiveness.
REMANDED.