SHORTESS, Judge.
Jerry Lewis (defendant) was initially charged by grand jury indictment with manslaughter, a violation of LSA-R.S. 14:31. Defendant pled guilty and was sentenced to a twenty-one year term of imprisonment. Defendant filed a pro se motion to withdraw his guilty plea, which the trial court granted. However, the trial court subsequently recalled the order, and defendant’s guilty plea and sentence were allowed to stand. Defendant’s counsel appealed that decision to the Louisiana Supreme Court. In State v. Lewis, 421 So.2d 224 (La.1982), the Supreme Court remanded the case to the trial court for a determination of whether defendant should be allowed to withdraw his guilty plea. After a hearing, the trial court permitted defendant to withdraw his guilty plea. Following defendant’s decision not to plead guilty to the manslaughter charge, he was charged by a second grand jury’s indictment with second degree murder, a violation of LSA-R.S. 14:30.1. After trial by jury, defendant was convicted of second degree murder and sentenced to life imprisonment. Defendant has appealed. Two assignments of error must be considered by us.
In our earlier consideration, State v. Lewis, 461 So.2d 1250 (La.App. 1st Cir.1984), this court addressed defendant’s contention that reindictment on the harsher charge of second degree murder was a result of prosecutorial vindictiveness. We noted, relying on U.S. v. Krezdorn, 718 F.2d 1360 (5th Cir.1983), cert. denied, 465 U.S. 1066, 104 S.Ct. 1416, 79 L.Ed.2d 742 (1984), that the sequence of events appearing of record did not provide an objective indication of the reason for the increase in the severity of the charge. “Therefore, a presumption of vindictiveness applies which cannot be overcome unless the government proves by a preponderance of evidence that events occurring since the time of the original charge decision altered the initial exercise of the prosecutor’s discretion.” State v. Lends, 461 So.2d at 1253.
Accordingly, this case was remanded to the trial court for a hearing to allow the district attorney an opportunity to rebut the presumption of vindictiveness. Jurisdiction over this appeal was retained because we had not completed review of all substantive contentions raised on appeal. After taking evidence and listening to arguments on the hearing to rebut the presumption of prosecutorial vindictiveness, the trial court ruled as follows:
government has shown by a preponderance of evidence that a new prosecutor with a different approach removed or rebuts the presumption of vindictiveness. ...
Following a careful review of the record generated on remand, we find that the more severe charging decision," which resulted from resubmittal of this matter to a different grand jury, was not motivated by a desire to punish defendant for pursu *661 ing his appellate rights. Rather, events occurring since the time of the original charge decision, i.e., a change in prosecutors, altered the initial exercise of the prosecutor’s discretion.
As the Fifth Circuit noted in U.S. v. Krezdom, a court must examine the prosecutor’s actions in the context of the entire proceedings. It is not genuinely disputed that in the instant case the more severe charge was justified by the evidence. Moreover, the record after remand reveals that the successor prosecutor, responsible for the instant matter when remanded from the Louisiana Supreme Court, sought the more severe charge only after defendant refused to plead to the original charge.
After initially entering a plea of guilty, defendant decided not to plead guilty. Following remand from the Louisiana Supreme Court, defendant again rejected the State’s offer which would have allowed him to plead guilty to the manslaughter charge. In doing so, he forced the State to bear the burdens and uncertainty of a trial. As the United States Supreme Court observed in United States v. Goodwin, 457 U.S. 368, 102 S.Ct. 2485, 2492, 73 L.Ed.2d 74 (1982):
An initial indictment — from which the prosecutor embarks on a course of plea negotiation — does not necessarily define the extent of the legitimate interest in prosecution.... [A] prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded.” (footnote omitted)
Defendant successfully withdrew his initial plea. Therefore, procedurally the case reverted to a stage prior to both defendant’s entering any plea and trial on the merits. Unlike the defendant in Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), defendant herein did not exercise a procedural right that caused a complete retrial after he had once been tried and convicted. Thus, the institutional bias against retrial on the merits, announced in Blackledge v. Perry, has no application in this case. The mere fact that a defendant refuses to plead guilty and forces the state to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unwarranted. Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). As noted in U.S. v. Goodwin.
[A] change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision.... A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct, (emphasis added) (footnote omitted)
102 S.Ct. at 2493.
The Louisiana Supreme Court in State v. Boudreaux, 402 So.2d 629 (La.1981), dealt with a factual situation very similar to the case here and held that a plea to a lesser offense did not constitute an acquittal on the greater offense where the verdict entered on the plea is vacated at defendant’s request so subsequent reprosecution on the greater offense would be permissible.
We agree with the trial court that the State has rebutted the presumption of pros-ecutorial vindictiveness, and this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 2:
Defendant contends that the verdict of second degree murder is contrary to the law and evidence. Defendant specifically argues that the evidence presented would only have justified a verdict of manslaughter.
When reviewing the sufficiency of evidence, it must be determined whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
*662 Second degree murder is defined as the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm. LSA-R.S. 14:30.1.
Witnesses for the State testified that defendant, his brother, and another man and woman approached a group of people who were engaged in shooting fireworks. Defendant’s brother “called out” Calvin Ross and the two began fighting. Defendant pulled a gun and, after exchanging words with Dennis Chaney, shot him three times and killed him. The State’s witnesses testified that defendant shot Chaney and as Chaney attempted to stand up, shot him again.
Based on this evidence, a rational trier of fact could have found, beyond a reasonable doubt, that defendant did kill Chaney in a manner sufficient to constitute second degree murder.
This assignment of error is without merit.
PATENT SENTENCING ERROR
Defendant was sentenced to a term of life imprisonment. The trial court did not specify that the sentence be served “without benefit of parole, probation, or suspension of sentence,” although LSA-R.S. 14:30.1 requires the sentence “shall” so provide. This is a patent sentencing error. LSA-C.Cr.P. art. 920(2). The amendment of Louisiana Code of Criminal Procedure article 882, by Act 587 of 1984, imposed upon appellate courts the same statutory duty imposed on trial courts to correct illegal sentences. Because no sentencing discretion is involved in the correction of the sentence herein, we accordingly amend the sentence to reflect the term of life imprisonment be served without benefit of parole, probation or suspension of sentence.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED.