570 So.2d 176 (1990)
STATE of Louisiana
v.
Harold SEYMORE.
No. 90-KA-403.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1990.
*177 John M. Mamoulides, Dist. Atty, Dorothy A. Pendergast, Al Donovan, Asst. Dist. Attys, Parish of Jefferson, Gretna, for plaintiff-appellee.
Harold Seymore, Cottonport, pro se.
Before KLIEBERT, BOWES and WICKER, JJ.
KLIEBERT, Judge.
The defendant, Harold Seymore, was charged by a bill of information on September 6, 1988 with distribution of a controlled dangerous substance; namely, cocaine, in violation of LSA-R.S. 40:967. Defendant pled not guilty. Subsequently, on March 22, 1989, defendant withdrew his former plea and entered a plea of guilty as charged. After waiving all legal delays, defendant was sentenced to five years at hard labor and was given credit for time served. Thereafter, on May 24, 1990, defendant filed an application for post-conviction relief which was summarily denied and defendant applied for a writ of review on June 5, 1990. This Court granted the pro se writ of review (No. 90-KH-388) on June 8th and ordered the 24th Judicial District Court to lodge with this Court the entire record of the proceedings, and upon receipt of the record to set the matter on the appellate docket for briefing and argument.
For the following reasons, we set aside the ruling by the trial court denying defendant's post-conviction relief and remand this matter for further proceedings in accord with C.Cr.P. Article 927, et seq.
In defendant's application for post-conviction relief, he asserts that his retained counsel, Leon Brainis, induced him to plead guilty by fraudulently misrepresenting the strength of the state's case against him. He claims that counsel informed him and members of his family that the state possessed pictures of him selling drugs to an undercover agent, which formed the basis of the prosecution, which defendant claims was not true. As proof of his assertion, defendant offered affidavits by various family members who were present during the plea negotiations. Because of alleged misrepresentations by his attorney regarding the pictures, defendant contends (1) his conviction was obtained involuntarily and out of fear and (2) his conviction was due to ineffective assistance of counsel.
In summarily denying defendant's application, the district court concluded defendant's petition was without merit because the defendant signed a Boykin questionnaire and form.
An examination of the merits of defendant's substantive issues is pretermitted as we find the district court erred procedurally in summarily denying defendant's application without further inquiry.
Since a plea of guilty waives an accused's fundamental right to a jury trial, the right to confront his accusers, and privilege against self-incrimination, due process *178 requires as a prerequisite to its validity that the plea be a voluntary and intelligent relinquishment of known rights. The record must show that the defendant was informed of these three basic rights and knowingly and voluntarily waived them. State v. Galliano, 396 So.2d 1288, 1290 (La.1981). In the instant case, the record reflects that the defendant was adequately informed of his Boykin trilogy of rights and chose to execute a waiver.
However, the pertinent issue is whether the alleged misrepresentations by counsel to defendant and his family fraudulently induced the facially valid plea.
The jurisprudence recognizes that a reviewing court, when called upon to do so through a recognized procedural vehicle, has the power, notwithstanding a record waiver of constitutional rights, to determine whether other factors present at the time of the guilty plea, whether inside or outside the plea colloquy record, were sufficient to render the plea involuntary or unintelligent. See State v. Lewis, 421 So.2d 224 (La.1982), appeal after remand, 461 So.2d 1250 (La.App. 1st Cir.1984), appeal after remand, 482 So.2d 659 (La.App. 1st Cir.1985) [citing State v. Galliano, supra at 1290]; State v. Griffin, 535 So.2d 1143 (La.App. 2nd Cir.1988).
"[A] guilty plea is not made less voluntary or less informed by the considered advice of one's attorney, whether retained or appointed, in the absence of fraud, intimidation, or incompetence of counsel." (Emphasis added). State v. Jones, 484 So.2d 933, 935 (La.App. 1st Cir.1986) [citing to State v. Johnson, 406 So.2d 569 (La. 1981)].
Since the defendant alleged both fraud and incompetence on the part of his counsel and complained that he was misled into accepting the guilty plea, the district court erred in relying solely on the Boykin colloquy and forms to establish the knowing and voluntary nature of the plea resulting in the court's summary dismissal of defendant's application for post-conviction relief.
C.Cr.P. Article 928 provides that an application may be dismissed without an answer only "if the application fails to allege a claim which, if established, would entitle the petitioner to relief." Because the defendant not only alleged that he was fraudulently misled into accepting the guilty plea, but also offered proof in the form of affidavits to support his claim, the district court should have at least required the state to file an answer to the affidavits before rendering its ruling.
The Second Circuit, while considering a motion to withdraw a guilty plea, in State v. Griffin, supra, at page 1145, said:
"When ruling on a motion to withdraw a guilty plea, the trial court should look beyond the Boykinization and consider all relevant factors. State v. Banks, 457 So.2d 1264 (La.App. 1st Cir.1984); State v. Green, 468 So.2d 1344 (La.App. 1st Cir.1985). A court, when called upon to ascertain an accused's state of mind, has the power, notwithstanding a record waiver of constitutional rights, to determine whether other factors present at the time of a guilty plea, whether inside or outside the plea colloquy record, were sufficient to render the plea involuntary or unintelligent. State v. Galliano, 396 So.2d 1288 (La.1981); State v. Lewis, 421 So.2d 224 (La.1982).
In order to properly exercise its discretion and in order for the appellate court to review the exercise of that discretion, the trial court should conduct a hearing or inquiry on defendant's motion to withdraw a guilty plea. State v. Lewis, supra. Reasons supporting withdrawal of the plea would ordinarily include factors bearing on whether the guilty plea was voluntarily and intelligently made, such as breach of a plea bargain, inducement, misleading advice of counsel, strength of the evidence of actual guilt, or the like. A mere change of heart or mind by the defendant as to whether he made a good bargain would not ordinarily support allowing the withdrawal of a bargained guilty plea."
Thus, the trial court should have made some inquiry into the allegations made by defendant in his application for post-conviction relief, particularly since he offered affidavits *179 by family members to support his assertions, rather than denying defendant's request outright. The district court should have required an answer by the state before ruling.
Without a record reflecting such an inquiry, this Court is unable to evaluate the exercise of discretion by the district court. We therefore set aside the ruling and remand the case to the district court for further proceedings in conformity with this opinion.
RULING SET ASIDE AND CASE REMANDED.