601 So.2d 379 (1992)
STATE of Louisiana
v.
Talama LEWIS.
No. 92-KA-152.
Court of Appeal of Louisiana, Fifth Circuit.
May 26, 1992.
*380 Ginger Berrigan Indigent Defender Bd., Gretna, for plaintiff/appellee, Talama Lewis.
Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for defendant/appellant, State of La.
Before WICKER and DUFRESNE, JJ.
BOWES, Judge.
Defendant, Talama Lewis, argues in this appeal that his guilty plea was involuntary and unknowingly made, and therefore, his convictions should be reversed. We affirm defendant's convictions, amend his sentences, and as amended, affirm the sentences.

PROCEDURAL HISTORY
Defendant pled guilty to one count of forcible rape, LSA-R.S. 14:42.1, and two (2) counts of molestation of a juvenile, LSA-R.S. 14:81.2 and was sentenced as follows:
1. On the forcible rape charge, to ten (10) years at hard labor, the first two (2) years of which is without benefit of parole, probation or commutation of sentence.
2. On the molestation charges, to ten (10) years at hard labor for each charge, the first one (1) year of each is without the benefits mentioned above.
3. All sentences are to run concurrently.
The defendant filed a motion to appeal the above sentences which was granted by the trial court. This Court denied a subsequent motion to withdraw the appeal.[1]
On appeal, Lewis argues that his guilty plea was not freely and voluntarily given because of a "lack of communication and cooperation between attorney and client and a lack of confidence on the part of the defendant in his trial counsel." He also argues that his guilty plea was not a knowing and intelligent waiver because he was misinformed as to his parole eligibility.

ANALYSIS
To be valid, a guilty plea must be entered knowingly and voluntarily, and must not be a product of coercion, intimidation or force. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Further, there must be a contemporaneous record demonstrating that the plea was voluntarily made and with a knowing waiver of the right to a trial by jury, the *381 right to confront accusers, and the privilege against self-incrimination. State v. Seymour, 570 So.2d 176 (La.App. 5 Cir. 1990).
Defendant alleges that his plea was not "free and voluntary" because of difficulties in his relationship with his defense counsel. To support this argument, appellant cites numerous instances where he expressed his displeasure with his attorney and the manner in which the proceedings were progressing.
We find that defendant's allegations are without merit and that a review of the record supports the validity of defendant's plea of guilty.
Initially, Lewis rejected the plea bargain and elected to go to trial. After the empaneling of the jury and after one-and-one-half days of trial, including the direct and cross-examination of both victims, the defendant himself raised the issue of the possibility of a plea bargain. At that point, the trial judge excused the jury temporarily and directed that the Boykin form indicating defendant's waiver of rights be completed on the record and defendant, under oath, was asked, and answered, each question on the Boykin form. In addition, the trial judge conducted his own Boykin colloquy in which he clarified points when requested by Lewis, and in which the judge demonstrated, on the record and to his own satisfaction, that the plea of guilty was made freely and voluntarily, knowingly and intelligently after a valid and proper waiver of defendant's rights. Thus, we find that defendant's allegation that his plea was not freely and voluntarily made is without merit.
Defendant also asserts that he was misinformed in regard to his parole eligibility in that he was told that he would be eligible for parole after the first two (2) years,[2] instead of after service of one-third of his sentence,[3] his plea was not a knowing and intelligent waiver of his constitutional rights.
The record in this case reflects that defendant was sentenced to three concurrent ten year terms, and that he would not be eligible for parole until he had served "at least" two years of his sentence. However, the defendant did acknowledge, in a discussion with the trial judge, that he would, in all probability, serve at least three years before he was released.
In addition, the trial judge also explained to the defendant that it was up to the parole board to decide whether the defendant was to be paroled and that the court was making no promises as to when the defendant would or would not be given parole. The court further stated that defendant was sentenced to ten years. Based on the foregoing, it does not appear from the record that the defendant based his guilty plea "primarily" on the date for eligibility for parole.
In brief to this Court counsel for Lewis places great emphasis on LSA-R.S. 15:574.4(A)(1) which requires second felony offenders to serve half-time as opposed to one-third time for first felony offenders. Counsel asserts that the defendant was *382 incorrectly informed that he could be paroled in three years instead of the required five (5) years because, he contends that Lewis was a second offender. However, the record does not reflect that the defendant had any prior convictions, nor did the State file a multiple offender bill. Accordingly, the record does not support this argument.
For these reasons, we find defendant's claim that his guilty plea was not a knowing, intelligent, and valid waiver of his rights to be meritless.

ERROR PATENT ANALYSIS
We have reviewed the record for errors patent in accordance with the guidelines in State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland 556 So.2d 175 (La. App. 5 Cir.1990) and note that the transcript and minute entry fail to reflect that defendant was given credit for time served, as mandated by LSA-C.Cr.P. art. 880, although the commitment states otherwise, and we amend the sentence to reflect that credit for time served be given.
We also note that the trial court erred in mandating that the first year of defendant's sentences for molestation of a juvenile be served without benefit of probation, parole or suspension of sentence. However, because defendant is not eligible for probation, parole or suspension of sentence for at least two years pursuant to his sentence on the forcible rape charges and is required to serve one-third of his ten year term under LSA-R.S. 15:574.4(A)(1), we find that this error is harmless and does not affect the substantial rights of the accused. Therefore, we need not remand for resentencing. Compare State v. Batiste, 517 So.2d 371 (La.App. 5 Cir.1987).

DECREE
Accordingly, we amend the sentence of the defendant to reflect that he is to be given credit for time served. In all other respects, defendant's convictions and sentences are affirmed.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] The State, in brief, argues that the motion to withdraw the appeal should have been granted. Nevertheless, because defendant has filed a brief alleging error in this Court, we will address the merits of this appeal.
[2] Defendant was sentenced pursuant to LSA-R.S. 14:42.1 which provides in part and LSA-R.S. 14:81.2 which provided at the time of the offense:

LSA-R.S. 14:42.1(B):
Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years. At lest two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.
LSA-R.S. 14:81.2(C):
Whoever commits the crime of molestation of a juvenile when the offender has control or supervision over the juvenile shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than one nor more than fifteen years, or both.
[3] LSA-R.S. 15:574.4(A)(1) states:

A person, otherwise eligible for parole, convicted of a first felony offense and committed to the Department of Public Safety and Corrections shall be eligible for parole consideration upon serving one-third of the sentence imposed; upon conviction of a second felony offense, such person shall be eligible for parole consideration upon serving one-half of the sentence imposed. A person convicted of a third or subsequent felony and committed to the Department of Public Safety and Corrections shall not be eligible for parole.