665 So.2d 512 (1995)
STATE of Louisiana
v.
Monica Lynn GUZMAN.
No. 95-KA-444.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1995.
Writ Denied February 28, 1996.
*513 Linda Davis-Short, Gretna, for defendant/appellant.
John M. Mamoulides, District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna (Louise Korns, of counsel), for plaintiff/appellee.
Before BOWES and WICKER, JJ., and BURNS, J. Pro Tem.
WICKER, Judge.
Monica Lynn Guzman, who pleaded guilty to manslaughter for the death of her seven-month-old son, appeals following imposition of the maximum sentence of 40 years at hard labor. She contends her sentence was excessive and seeks to withdraw her guilty plea. We affirm her conviction and sentence, but remand for correction of a patent error.
*514 On May 5, 1994 Guzman was charged by grand jury indictment with manslaughter, a violation of La.R.S. 14:31. At her arraignment on July 8, 1994 she entered a plea of not guilty. On November 9, 1994, the defendant withdrew her former plea of not guilty and entered a plea of guilty as charged. The trial court ordered a presentence investigation report. Prior to the imposition of sentence on March 10, 1995, defense counsel made oral motions for withdrawal of the guilty plea and for a continuance so that a sentencing hearing could be held. The trial court denied both motions. The court then sentenced the defendant to the maximum sentence of 40 years at hard labor and ordered that the defendant be given credit for time served. On March 14, 1995, the defendant filed a motion to reconsider sentence, but the trial court denied the motion without a hearing. The defendant filed her motion for appeal that same date.

FACTS
Because of the defendant's guilty plea, the facts were obtained from the presentence investigation (PSI) report. According to the PSI report Guzman's seven-month-old son died from injuries sustained while in the custody of the defendant and her live-in boyfriend, Christopher May. Guzman brought the baby to a hospital emergency room several days after he sustained the injuries. The infant died in the hospital. The autopsy report indicated the baby had bruises on his face and back, a separated spine, both legs broken, fluid in his chest, and kidneys in shock. Guzman gave conflicting versions of how the injuries were inflicted, initially saying they had occurred accidentally when she was trying to burp the infant, but later saying the baby was injured when May attacked her while she was holding the child.[1]
The PSI report related that although Guzman has a juvenile record, the instant offense is her only arrest as an adult. Guzman has been "on the streets" since age 13. She was 19 years old at the time of this offense. She gave birth to two children prior to Courtney, but both children were placed in state custody following neglect investigations and have been adopted by third parties. She denied ever being employed or receiving any training for employment.

ASSIGNMENT OF ERROR NO. 1
The defendant contends the trial court imposed an excessive sentence, in that the court grossly deviated from the sentencing guidelines and disregarded mitigating factors.
The maximum sentence for manslaughter is imprisonment for not more than 40 years at hard labor. La.R.S. 14:31. Where the victim was killed as a result of receiving a battery and was under the age of ten years, the statute imposes a minimum sentence. In March 1994, when the offense here was committed, the minimum sentence was two years at hard labor without benefit of probation or suspension of sentence. The "without benefit" clause in La.R.S. 14:31 does not prohibit parole.[2]
The defendant was sentenced pursuant to the Felony Sentencing Guidelines, La.Admin.Code 22:101 et seq., which were then in effect. The sentencing guidelines as they existed at the time of trial recommended a sentence of imprisonment from 72 months (6 years) to 102 months (8½ years), which is the sentencing range recommended in the PSI report.
The sentencing guidelines were repealed, however, while this case was pending on appeal. By Acts 1995, No. 942, effective August 15, 1995, the legislature repealed the sentencing guidelines and amended La.Code Crim.P. art. 894.1 to delete reference to those guidelines and to provide the sentencing guidelines now in effect. (The full text of Article 894.1, as amended, follows this opinion as an appendix.)
Under Art. 894.1(C), the court must state for the record the considerations taken into *515 account and the factual basis therefor in imposing sentence. In addition, the revision amended La.Code Crim.P. art. 881.4 to state, "The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed."
In imposing the maximum sentence of 40 years, the trial court made the following statement:
Ms. Guzman, in contemplating the sentencing, the Court has considered the sentencing guidelines and is deviating from them for the following reasons:
There is an undue risk that during a period of suspended sentence or probation that you will commit another crime. You are in need of correctional treatment in a custodial environment that can be provided most effectively by a commitment to a penal institution. And anything less than the maximum sentence would deprecate the seriousness of your crime.
The Court takes notice of the fact that the victim in this case, an infant, died as a result of abuse and neglect. His injuries included two bruises to the facial area, two fractured femur bones, a complete separation of the spine, bruises to the shoulder blade, fluid in the lungs and kidneys, which showed signs of shock.
Due to the heinous and cruel nature of this offense and the fact that the victim was a seven month old baby who was senselessly killed, I hereby sentence you, Monica Guzman, to 40 years at hard labor with credit for time served.
A further consideration of the Court in preparing for this sentencing is the fact that as the law exists presently in Louisiana, a sentence of 40 years, which is the maximum for manslaughter, means realistically that you will only serve 13 years.
The Court feels that even this time is insufficient for the crime committed.
In State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237, 240, the Louisiana Supreme Court stated:
(1) [W]hile a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, [footnote omitted] but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines. [Emphasis in source.]
In the instant case the trial judge's statement that he had considered the guidelines and that he would deviate from the guidelines presupposes consideration of the guidelines. State v. Williams, 94-736 (La.App. 3rd Cir. 12/7/94), 647 So.2d 597, 599. Further, the trial court noted the heinous, cruel and serious nature of the offense, evidenced by the severity of the injuries and the victim's extreme youth. We conclude the trial court adequately stated the considerations taken into account and the factual basis for the sentence imposed.
Because the trial court stated the considerations taken into account and the factual basis for the sentence, our appellate review of the sentence is limited to constitutional excessiveness. State v. Smith, supra, at 242. La. Const. art. 1, § 20 prohibits the imposition of excessive punishment. Even a sentence within the prescribed statutory limit may violate a defendant's constitutional right against excessive punishment. State v. Sweeney, 443 So.2d 522, 531 (La.1983).
A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentencing is grossly disproportion if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's *516 wide discretion to sentence within statutory limits.
State v. Bradham, 94-71 (La.App. 5th Cir. 5/31/94), 638 So.2d 428, 430.
Maximum sentences are reserved for cases involving the most serious violations of the charged offense and for the worst kind of offender. State v. Riche, 608 So.2d 639, 640 (La.App. 5th Cir.1992), writ denied, 613 So.2d 972 (La.1993).
In the instant case, we do not find defendant's sentence excessive. The defendant's vicious physical abuse of her infant son led to an especially horrible death, in which the baby must have suffered excruciating pain. In addition, the defendant's conduct manifested deliberate cruelty to the infant victim, who was particularly vulnerable, and the defendant used her status as the child's mother to facilitate the offense. Such an offense thus constituted a serious violation of the manslaughter statute.

ASSIGNMENT OF ERROR NO. 2
The defendant contends that the trial court erred in denying the motion for a presentencing hearing and, because she did not receive favorable treatment by pleading guilty as charged and the trial court grossly deviated from the sentencing guidelines, she asserts the case should be remanded for a pre-sentencing hearing on mitigating factors.
In State v. Telsee, 388 So.2d 747, 750 (La. 1980), appeal after remand, 404 So.2d 921 (La.1981), appeal after remand, 425 So.2d 1251 (La.1983), the Louisiana Supreme Court made the following statement regarding presentencing hearings:
Pre-sentence hearings are not required by our Code of Criminal Procedure, but this Court has held that the due process guarantee of Article 1, Section 2 of the Louisiana Constitution requires that a defendant be given an opportunity to rebut false or invalid data of a substantial nature, to which the sentencing judge is exposed, where there is a reasonable probability that it may have contributed to the harshness of the sentence. [Citations omitted.]
While a defendant is guaranteed the right to contest allegations and statements in a presentence investigation report and additional information to which the sentencing court was exposed, the defendant must make a showing that the report or other information contains materially false or misleading information prejudicial to the defendant. See State v. Boone, 364 So.2d 978, 983 (La. 1978), cert. denied, 444 U.S. 825, 100 S.Ct. 46, 62 L.Ed.2d 31 (1979); State v. Berain, 360 So.2d 822, 830 (La.1978).
The record in the instant case contains the PSI report and the autopsy report. There has been no allegation nor any showing that these reports contain false information prejudicial to the defendant. Moreover, the pre-sentence investigation report contains mitigating factors concerning the defendant's age, her family stability, her mental and emotional health and her status as a first felony offender. Therefore, it appears that the trial court did not err in denying the motion for a presentence hearing. We find no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 3
The defendant contends that the trial court erred in refusing to allow her to withdraw her guilty plea. Specifically, the defendant argues,
Inasmuch as the record is silent as to any agreements which defendant may have justifiably believed existed and the reason the defendant moved to withdraw her guilty plea this honorable court should remand the case for a re-hearing to determine the reason, especially whether defendant reasonably believed there was a plea agreement wherein she would be sentenced in accordance with the pre-sentence investigation report but in all events to less than the maximum sentence.
La.Code Crim.P. art. 559 provides that the court may permit a plea of guilty to be withdrawn at any time before sentencing. The trial court has great discretion with regard to the withdrawal of a guilty plea but nonetheless must not arbitrarily refuse to exercise that authority. State v. Jenkins, 419 So.2d 463, 466 (La.1982). As a general rule, a denial of a withdrawal of a guilty plea *517 will not be reversed on appeal when the record clearly shows that defendant was informed of his rights and the consequences of the plea and that the plea was entered voluntarily. State v. Cook, 591 So.2d 1248, 1251 (La.App. 5th Cir.1991).
Because a plea of guilty waives an accused's fundamental rights to a jury trial, to confront his accusers, and his privilege against self-incrimination, due process requires as a prerequisite to its validity that the plea be a voluntary and intelligent relinquishment of known rights. State v. Galliano, 396 So.2d 1288, 1290 (La.1981). The record of the plea must show that the defendant was informed of these three basic rights and then knowingly and voluntarily waived them. Id.
Even after sentencing, if a trial court finds "either that a plea of guilty was not entered freely and voluntarily or that the Boykin colloquy was inadequate, and that the plea, therefore, is constitutionally infirm, the Trial Court retains the authority to vacate the sentence and set aside the plea, notwithstanding Article 559." State v. Lewis, 421 So.2d 224, 226 (La.1982), appeal after remand, 461 So.2d 1250 (La.App. 1st Cir.1984), appeal after remand, 482 So.2d 659 (La.App. 1st Cir.1985), writ denied, 487 So.2d 437 (La.1986).
A defendant may not withdraw a guilty plea simply because the sentence to be imposed is heavier than anticipated. State v. Greer, 572 So.2d 1166, 1169 (La.App. 1st Cir.1990). It is not unreasonable for a trial court to deny a defendant the luxury of gambling on his sentence, then withdrawing his plea if and when he discovers, before imposition, the sentence is not to his liking. Id. However, if a guilty plea is induced by a plea bargain, or by what a defendant justifiably believes was a plea bargain and he pleaded guilty in part because of that justifiable belief, the bargain must be enforced or the defendant be allowed to withdraw from the plea. State ex rel. Miller v. Whitley, 615 So.2d 1335, 1336 (La.1993), rehearing denied, 618 So.2d 401 (La.1993).
The transcript of the guilty plea in the instant case reveals that the trial court explained to the defendant the rights she waived by entering a guilty plea, including the right to trial by jury, the right to confront her accusers and the privilege against self-incrimination. Additionally, the defendant executed a "Waiver Of Constitution Rights/Plea Of Guilty" [sic] form in which she acknowledged her understanding of the waiver of constitutional rights. Therefore, the record contains objective evidence of a voluntary and intelligent waiver of known constitutional rights.
Further, the guilty plea transcript and the rights waiver form reveal that the defendant's sentence would be "determined and rendered after a pre-sentence investigation has been completed by the probation and parole board." The sentencing transcript reveals that at no time did defense counsel object on the grounds that the sentence imposed violated a plea agreement. Thus, the record shows that there was no plea agreement to sentence the defendant in accordance with the pre-sentence investigation report nor were there any representations that might have led the defendant to justifiably believe that there was such an agreement.
Considering that the defendant's guilty plea was valid and that the sentence imposed did not breach any plea agreement, the trial court did not err in refusing to allow the defendant to withdraw her guilty plea.

ASSIGNMENT OF ERROR NO. 4
Also assigned as error are any and all errors patent on the face of the record. A review of the record reveals that the trial court failed to comply with the requirement of La.Code Crim.P. art. 930.8(C), in that he failed to advise the defendant of the three-year prescriptive period for postconviction relief. However, failure to inform the defendant does not constitute a ground for reversing the sentence or remanding the case for resentencing. La.Code Crim.P. art. 921. Rather, we shall instruct the the trial court to correct that omission. See State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289, 1291.
We note an additional patent error which requires no amendment. The penalty paragraph of the statute provides for imprisonment *518 without benefit of probation or suspension of sentence "if the victim was killed as a result of receiving a battery and was under the age of ten years." La.R.S. 14:31(B). In sentencing the defendant the trial court apparently overlooked the statutory prohibition against parole or suspension of sentence, because he remarked in his oral Reasons for Sentence, "there is an undue risk that during a period of suspended sentence or probation ... you will commit another crime." However, because the trial judge neither suspended any portion of the sentence nor imposed any probationary period, in effect the court imposed a sentence of 40 years without benefit of probation or suspension of sentence. Because there was substantial compliance with the statutory sentencing directive, no corrective action is required. State v. Washington, 563 So.2d 530 (La.App. 5th Cir.1990).

DECREE
For the foregoing reasons, the defendant's conviction and sentence are affirmed. The case is remanded and the district court is ordered to inform the defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings.
AFFIRMED AND REMANDED WITH ORDER.

Appendix
The full text of Article 894.1, as revised by Acts 1995, No. 942, states:
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if any of the following occurs:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The offender's conduct during the commission of the offense manifested deliberate cruelty to the victim.
(2) The offender knew or should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to extreme youth, advanced age, disability, or ill health.
(3) The offender offered or has been offered or has given or received anything of value for the commission of the offense.
(4) The offender used his or her position or status to facilitate the commission of the offense.
(5) The offender knowingly created a risk of death or great bodily harm to more than one person.
(6) The offender used threats of or actual violence in the commission of the offense.
(7) Subsequent to the offense, the offender used or caused others to use violence, force, or threats with the intent to influence the institution, conduct, or outcome of the criminal proceedings.
(8) The offender committed the offense in order to facilitate or conceal the commission of another offense.
(9) The offense resulted in a significant permanent injury or significant economic loss to the victim or his family.
(10) The offender used a dangerous weapon in the commission of the offense.
(11) The offense involved multiple victims or incidents for which separate sentences have not been imposed.
(12) The offender was persistently involved in similar offenses not already considered as criminal history or as a part of a multiple offender adjudication.
(13) The offender was a leader or his violation was in concert with one or more other persons with respect to *519 whom the offender occupied a position of organizer, a supervisory position, or any other position of management.
(14) The offense was a major economic offense.
(15) The offense was a controlled dangerous substance offense and the offender obtained substantial income or resources from ongoing drug activities.
(16) The offense was a controlled dangerous substance offense in which the offender involved juveniles in the trafficking or distribution of drugs.
(17) The offender committed the offense in furtherance of a terrorist action.
(18) The offender foreseeably endangered human life by discharging a firearm during the commission of an offense which has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and which, by its very nature, involves a substantial risk that physical force may be used in the course of committing the offense.
(19) The offender used a firearm or other dangerous weapon while committing or attempting to commit an offense which has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and which by its very nature, involves a substantial risk that physical force may be used in the course of committing the offense.
(20) The offender used a firearm or other dangerous weapon while committing or attempting to commit a controlled dangerous substance offense.
(21) Any other relevant aggravating circumstances.
(22) The defendant's criminal conduct neither caused nor threatened serious harm.
(23) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm.
(24) The defendant acted under strong provocation.
(25) There were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense.
(26) The victim of the defendant's criminal conduct induced or facilitated its commission.
(27) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.
(28) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime.
(29) The defendant's criminal conduct was the result of circumstances unlikely to recur.
(30) The defendant is particularly likely to respond affirmatively to probationary treatment.
(31) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
(32) The defendant has voluntarily participated in a pretrial drug testing program.
(33) Any other relevant mitigating circumstance.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
D. Immediately following the imposition of a felony sentence pursuant to this Article, the sentencing court shall advise the offender in open court of each of the following:
(1) Whether, pursuant to the provisions of R.S. 15:571.3, the offender's sentence is subject to diminution for good behavior.
(2) Whether the sentence imposed was enhanced pursuant to R.S. 15:529.1 et seq., Article 893.3, or any other relevant provision of law.
(3) The prospective release date of the offender should his sentence be subject to diminution of sentence for good behavior, to the extent that the court *520 shall advise the offender that he may be released upon serving the certain percentage of his sentence as provided for by law.
(4) Whether, pursuant to the provisions of R.S. 15:574.4(A)(1) and (3) and (B), the offender is subject to parole eligibility.
(5) The prospective parole eligibility date of the offender should he be eligible for parole pursuant to R.S. 15:574.4 et seq., to the extent that the court shall advise the offender that he may be eligible for release upon serving the certain percentage of his sentence as provided by law.
E. Before sentencing a defendant for any crime which is a felony, the Department of Public Safety and Corrections shall furnish to the sentencing judge a report for the record which includes the following information, in a format to be determined by the Department of Public Safety and Corrections.
(1) The prospective release date of the offender should his sentence be subject to diminution of sentence for good behavior, to the extent that the report shall advise the offender that he may be released upon serving the certain percentage of his sentence as provided for by law.
(2) The prospective parole eligibility date of the offender should he be eligible for parole pursuant to R.S. 15:574.4 et seq., to the extent that the report shall advise the offender that he may be eligible for release upon serving a certain percentage of his sentence as provided by law.
F. However, no sentence shall be declared unlawful or inadequate for failure to comply with the provisions of Paragraph D.
NOTES
[1] Christopher May also was indicted for manslaughter. According to the PSI report, he claimed the baby was injured by falling out of bed. May pleaded guilty as charged on December 1, 1994.
[2] La.R.S. 14:31 was amended in July 1994. Currently, the minimum sentence in cases in which the victim was younger than 10 and was killed as a result of battery is 10 years at hard labor without probation or suspension of sentence.