|EDWARD A. DUFRESNE, Jr., Chief Judge.
The Jefferson Parish District Attorney filed a bill of information on December 22, 1997, charging defendant, Lawrence Raines, with theft of property valued at over $100.00. On September 3, 1998, defendant pled not guilty. However, on December 14, 1999, defendant withdrew his not guilty plea, and after being fully advised of his rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, he entered a plea of guilty.[1] On June 13, 2000, defendant moved to withdraw his guilty plea. The trial court denied the motion, and then sentenced defendant to two years at hard labor. The judge ordered that the sentence run concurrently with the sentences imposed in two other cases. Defendant now appeals, alleging that the trial court erred in denying his motion to withdraw his guilty plea.
Because a plea of guilty waives an accused’s fundamental rights to a | jury trial and to confront his accusers, and his privilege against self-incrimination, due process requires, and the record must show, that the plea was a voluntary and intelligent relinquishment of those rights. Boykin v. Alabama, supra; State v. King, 99-1348 (La.App. 5 Cir. 5/17/00), 761 So.2d 791; State v. Gonzales, 97-767 (La.App. 5 Cir. 1/14/98), 707 So.2d 82.
Louisiana Code of Criminal Procedure article 559 A gives the district court judge the discretion to permit a withdrawal of a guilty plea at any time prior to sentencing. However, this discretion cannot be exercised arbitrarily, and abuse of discretion can be corrected on appeal. State v. Calhoun, 96-0786 (La.5/20/97), 694 So.2d 909. Generally, a denial of a motion to withdraw a guilty plea will not be reversed on appeal if the record clearly shows the defendant was informed of his rights and the consequences of his plea, and that the plea was entered into voluntarily. State v. King, supra; State v. Guzman, 95-444 (La.App. 5 Cir. 11/15/95), 665 So.2d 512, writ denied, 95-2853 (La.2/28/96), 668 So.2d 366.
On December 14, 1999, defendant entered guilty pleas to the instant theft charge and to an unrelated charge of cocaine possession. Also on that day, a jury found him guilty of distribution of cocaine. Prior to sentencing on June 13, 2000, defendant made an oral motion to withdraw his guilty plea, arguing the plea was not voluntarily made. The judge denied the motion, stating he had conducted the Boy-kin proceeding, and he was convinced defendant’s plea was voluntary. Defendant now appeals that denial. He specifically complains that the trial court based its ruling only on the Boykin colloquy, when it should have considered how other factors, such as two other felony convictions entered on the same day, | ¡.impacted the voluntariness of the guilty plea on the instant charge. Defendant moves this court to order an evidentiary hearing for the purpose of determining the impact the *629 other convictions had on the voluntariness of his guilty plea.
We have considered defendant’s arguments and find them to be without merit. In the present case, the record clearly shows that defendant was informed of his rights as well as the consequences of his guilty plea, and further that he knowingly and voluntarily waived those rights.
The trial judge began the Boykin colloquy by acknowledging that defense counsel had explained to defendant the three Boy-kin rights. Defendant stated he understood those rights, and the consequences of waiving them. Defendant informed the court that he was 52 years of age, and that he had completed the twelfth grade. He said he was able to read and write, and to understand the English language.
The court advised defendant that the maximum sentence it could impose for theft of an item valued between $100.00 and $500.00 was two years with or without hard labor and a $2,000.00 fine. The judge asked defendant whether anyone had used force, intimidation, coercion or promises in order to compel him to testify. Defendant responded, “No.” The judge explained to defendant that his sentence would be based on the recommendations in the pre-sentence investigation report, and defendant indicated that he understood this.
The plea colloquy continued as follows:
THE COURT:
All right. You have the right to a trial by jury, which jury may either find you guilty as charged, guilty of a lesser crime, or not guilty. You have the right to retain an attorney of your | ¿choice to defend you at the trial; if you cannot afford an attorney, one will be appointed for you, which will cost you nothing. By entering a plea of guilty, you’re waiving or giving up these rights; do you understand that?
THE DEFENDANT:
Yes.
THE COURT:
At any trial you have the right to confront your accusers and to compel testimony on your behalf from your witnesses. By entering a plea of guilty, you are waiving or giving up these rights, also; do you understand that?
THE DEFENDANT:
Yes.
THE COURT:
At any trial you have a privilege against self-incrimination; in other words, the right to remain silent, and the silence cannot be held against you; do you understand that?
THE DEFENDANT:
Yes.
THE COURT:
If you were to go to trial and in the event of a conviction; that is, should the jury find you guilty, you have the right of an appeal. Again, in the event of an appeal, if you could not afford an attorney, one would be appointed for you, which would cost you nothing. By entering a plea of guilty, you’re waiving or giving up these rights; do you understand that?
THE DEFENDANT:
Yes.
THE COURT:
Do you understand you’re pleading guilty to a felony?
THE DEFENDANT:
Yes.
I .THE COURT:
You understand that from this day forward you will be a convicted felon?
THE DEFENDANT:
Yes.
*630 The record shows that defendant was fully informed of his rights and the consequences of his guilty plea. He was informed of the nature of the charge against him and the statutory sentencing range. There is no indication in the Boykin coEo-quy that defendant did not understand his rights or the consequences of waiving them. Moreover, defendant and his attorney completed a guilty plea form, which contains the rights explained to him by the judge. Defendant told the court he was ready to waive his rights and plead guEty under Alford.
As shown by the foregoing discussion, defendant was fully informed of his rights as well as the consequences of his guEty plea. The record does not show that defendant was misled by either the trial court or his attorney. Further, there is no indication that his guEty plea was in any way coerced. It appears from defendant’s comments in the sentencing transcript that he felt the ten year sentence imposed for his distribution of cocaine conviction was excessive. However, defendant’s distress over his sentence in another case does not constitute sufficient grounds for withdrawal of the guEty plea in the instant case. The court made no promises to defendant regarding the sentences he would receive in any of the three felony cases. A guilty plea wEl not be set aside upon a defendant’s unfulfilled expectation of gaining release as early as possible. State v. Perrilloux, 99-1314 (La.App. 5 car. 5/17/00), 762 So.2d 198.
| fiBased on the foregoing, we find that the trial court did not abuse its discretion in denying defendant’s motion to withdraw his guEty plea.
We have also reviewed the record for errors patent and have found none. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975).
For the reasons set forth herein, we hereby affirm defendant’s conviction and sentence.

AFFIRMED.

. Defendant tendered his plea pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).