STATE OF LOUISIANA

VERSUS

BRENNAN A. HARRIS

NO. 23-KA-233

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 19-6018, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING

December 27, 2023

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Scott U. Schlegel

<u>**CONVICTIONS AFFIRMED; SENTENCES ON COUNTS TWO,
THREE, AND FOUR AFFIRMED; SENTENCE ON COUNT ONE
AFFIRMED, AS AMENDED**</u>
> **FHW**
> **MEJ**
> **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
Honorable Paul D. Connick, Jr.
Thomas J. Butler
Andrea F. Long
Douglas E. Rushton, Jr.

COUNSEL FOR DEFENDANT/APPELLANT,
BRENNAN HARRIS
Kevin V. Boshea

**WICKER, J.**

Defendant, Brennan Harris, seeks review of the trial court's denial of his motion to withdraw his guilty pleas in connection with his convictions for manslaughter, obstruction of justice, and possession of a firearm by a convicted felon. For the following reasons, we find that the trial judge did not abuse his discretion in denying defendant's motion, and we affirm defendant's convictions. Upon an errors patent review, we find defendant's sentence for manslaughter is illegally harsh and we amend that sentence to remove the restriction on benefits. In all other respects, we affirm defendant's sentences.

## STATEMENT OF THE CASE

On December 19, 2019, a Jefferson Parish Grand Jury indicted defendant, Brennan A. Harris, with second degree murder in violation of La. R.S. 14:30.1 (count one), obstruction of justice in violation of La. R.S. 14:130.1 (counts two and three), and possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count four). Defendant was arraigned on December 23, 2019, and pled not guilty to all charges.

The matter was set for trial on August 15, 2022. On that date, the State amended the indictment only as to count one to reduce the second degree murder charge and to charge defendant with manslaughter in violation of La. R.S. 14:31. Immediately thereafter, defendant withdrew his pleas of not guilty and pled guilty to the amended manslaughter charge (count one), the obstruction of justice charges (counts two and three), and the possession of a firearm by a convicted felon charge (count four).[1]

The following day, August 16, 2022, defendant appeared in court for sentencing and made an oral motion to withdraw his guilty pleas, which the trial

---

[1] Pursuant to the plea agreement, the State agreed not to file a multiple offender bill against defendant and further agreed to enter a "null proseque" in two unrelated trial court cases, Case Nos. 20-1765 and 22-0909.

court denied. After a conference in chambers, the trial court withdrew its ruling and ordered the matter set for a contradictory hearing.

On October 13, 2022, defendant filed a written motion to withdraw his guilty pleas. The court ordered the State to show cause why defendant's motion should not be granted at a contradictory hearing on December 15, 2022. The hearing was continued on December 15, 2022, and again on January 19, 2023. On February 1, 2023, the court held a contradictory hearing on defendant's motion to withdraw his guilty pleas and denied defendant's motion.

On that same date, the trial court sentenced defendant to twenty years imprisonment at hard labor without the benefit of probation or suspension of sentence on his manslaughter conviction (count one) and to fifteen years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence on his possession of a firearm by a convicted felon conviction (count four). As to his obstruction of justice convictions (counts two and three), the trial court ordered, "ten years at hard labor in Department of Corrections[.]"[2] The court ordered that all sentences run concurrently. This timely appeal followed.

## FACTS

Because defendant pleaded guilty, the facts surrounding his convictions were not fully developed at trial. However, the amended indictment alleges that defendant violated La. R.S. 14:31 in that he did commit the manslaughter of victim Cornell Hampton (count one); obstruct justice by tampering with evidence, to wit: the intentional alteration, movement, removal, or addition to the rear bumper of a 2017 Chevrolet Impala Premier vehicle used during the commission of the homicide and the removal of a 9 mm handgun from the scene of the homicide; and have in his possession a firearm, having been previously convicted of the crime of

---

[2] See errors patent discussion.

possession of cocaine, in violation of 40:967(C), under case number 14-3013, Division "J" in the 24th Judicial District Court.

## DISCUSSION

On appeal, defendant argues that the trial judge abused his discretion in denying the motion to withdraw his guilty pleas. Defendant asserts that he did not have the opportunity to discuss the plea offer with his family prior to accepting the plea offer and that, upon reconsideration, he does not feel comfortable accepting a guilty plea for a crime he did not commit. Defendant argues that the motion to withdraw his pleas, filed prior to sentencing, should have been granted because his decision to plead guilty was a "spur of the moment thing" that he agreed to "right before we were about to start picking a jury" on the day of trial.

The record reflects that, on August 15, 2015, defendant and the State entered into a plea agreement. On that date, the trial judge entered into a colloquy with defendant wherein he explained on the record that, pursuant to the plea agreement, the State would agree to reduce defendant's second degree murder charge to a manslaughter charge, and to dismiss two pending unrelated criminal cases against defendant. Moreover, pursuant to the plea agreement, the State would agree not to file a multiple offender bill against defendant. The transcript of the *Boykin*[3] colloquy with defendant reflects that defendant understood that he was pleading guilty to one count of manslaughter, two counts of obstruction of justice, and one count of possession of a firearm by a felon. The transcript further reflects that the trial court advised defendant of the sentences he would receive for each conviction and that defendant acknowledged and understood that he would be sentenced to twenty years imprisonment for his manslaughter conviction, ten years imprisonment for each obstruction of justice conviction, and fifteen years

---

[3] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

imprisonment without benefit of parole, probation, or suspension of sentence for his felon in possession of a firearm conviction.

During the guilty plea proceeding, the State recited a factual basis for the plea as follows:

> If the State proceeded to trial it would have proven beyond a reasonable doubt that on or about the 10th day of September 2019, the defendant Brennan Harris violated Louisiana Revised Statute 14:31 relative to the manslaughter of Cornell Hampton. Also on that same day violated Louisiana Revised Statute 14:130.1 for obstruction of justice, two counts as well as removing firearm and a tampering with a vehicle and also under 14:95.1, on that same date, possessed a firearm and having a prior conviction for possession of cocaine from 2014 from the 24th Judicial District Court Division J. All these offenses occurred in the Parish of Jefferson.

After the State recited the factual basis, defense counsel stated, "Stipulated." The Court immediately questioned defendant, "Is that correct, Mr. Harris?" to which defendant responded, "Yes, sir."

During the *Boykin* colloquy with defendant, the trial judge verbally advised defendant of his right to trial by jury, to cross-examine the State's witnesses, of his privilege against self-incrimination, and of the consequences of waiving those rights by pleading guilty. The trial judge further questioned defendant as to whether he had been threatened or coerced into entering into the plea and if he had been satisfied with his attorney's representation in the case. The defendant verbally acknowledged his understanding of those rights and consequences. On the written waiver of rights form, defendant further placed his initials next to each individual written advisal of his rights, including his right to jury trial, his right to confrontation, and his privilege against self-incrimination, as required by *Boykin*, and placed his signature at the end of the form indicating that he understood that he was waiving these rights. Defendant verbally acknowledged at the guilty plea hearing that his retained counsel, who also signed the form, had reviewed and explained the waiver of rights form to him and that he understood the

consequences of pleading guilty. The guilty plea form also stated the anticipated sentences and the record reflects that defendant was sentenced in accordance with the sentences stated on the guilty plea form.

On August 16, 2016, the following day, defendant appeared for sentencing. At the August 16, 2016 hearing, defendant orally moved for a motion to withdraw his guilty pleas. Prior to sentencing, defendant made the following statement to the Court:

> I made a decision on yesterday about taken the time, but I talked about [sic] my family and they felt like that was a bad decision. And I feel like it was a bad decision because I'm taking time on a crime that I didn't commit. And I feel like this is an injustice to me and the family, because I don't want these people to believe, I was the one that killed the love, and I took the time because I was scared of the sentence that I could possibly get if I'm found guilty, but I talked to my wife and you know it was a split. I made a decision on my own without talking to them. And they don't think it was a good idea. And I don't think it was a good idea neither. And I was wondering if I could take it back resume going on with the trial.

The trial court construed defendant's statement as a motion to withdraw his guilty pleas and set the matter for a contradictory hearing.[4] After multiple continuances, the trial court conducted a contradictory hearing on February 1, 2023. At the hearing, defense counsel argued that La. C.Cr.P. art. 559[5] permits a defendant to withdraw a guilty plea at any time before sentencing. Defendant acknowledged that he voluntarily entered into the plea but informed the court that his decision to plead guilty was a "spur of the moment thing" that he agreed to immediately prior to the beginning of trial because he was "scared" of the life sentence he faced. At the February 1, 2023 hearing, defendant stated to the Court:

> I did accept the time at the time though, and after talking to my family and speaking on it I decided that if it was possible I didn't want

---

[4] The trial court further ordered that the public defender's office represent defendant to determine if a conflict existed with defendant's retained counsel, who represented defendant at the time of the guilty plea proceeding. After a contradictory hearing, the trial court determined that no conflict existed and permitted defendant's retained counsel to represent defendant at the hearing on defendant's motion to withdraw his guilty pleas.

[5] La. C.Cr.P. art. 559 states: Upon motion of the defendant and after a contradictory hearing, which may be waived by the state in writing, the court may permit a plea of guilty to be withdrawn at any time before sentence.

to accept the time because I felt like it was an injustice to me and the victim's family to plea, agree to something I didn't do. So that was really the basis of my decision.

After considering counsel's arguments and defendant's statements, the trial judge denied defendant's motion to withdraw his guilty pleas.[6] On appeal, defendant assigns as error only the trial judge's denial of his motion to withdraw his guilty pleas, asserting that the trial judge abused his discretion in denying the motion.

Pursuant to La. C.Cr.P. art. 559, a trial court may allow a guilty plea to be withdrawn at any time prior to sentencing. A trial court's ruling on the matter is subject to reversal only if the court abuses its discretion or is arbitrary. *State v. Raines*, 00-1940 (La. App. 5 Cir. 5/30/01), 788 So.2d 627, 628, citing *State v. Curtis*, 28,309 (La. App. 2 Cir. 8/21/96), 679 So.2d 512, 513-14, *writ denied*, 96-2322 (La. 2/7/97), 688 So.2d 496. Generally, a denial of a motion to withdraw a guilty plea will not be reversed on appeal if the record clearly shows the defendant was informed of his rights and the consequences of his plea, and that the plea was entered into voluntarily. *Id.*, citing *State v. Guzman,* 95-444 (La. App. 5 Cir. 11/15/95), 665 So.2d 512, *writ denied,* 95-2853 (La. 2/28/96), 668 So.2d 366.

The Louisiana Supreme Court recently considered the denial of a pre-sentence motion to withdraw a guilty plea and stated:

> Code of Criminal Procedure Article 559(A) provides that a "[u]pon motion of the defendant and after a contradictory hearing, which may be waived by the state in writing, the court may permit a plea of guilty to be withdrawn at any time before sentence." The comments to that article explain that the discretion to permit a plea of guilty to be withdrawn before sentence cannot be arbitrarily exercised, and a trial court's improper refusal to permit a change of plea is reversible error. La. C.Cr.P. art. 559, Official Revision Comment 1966. The comment also notes that "[t]he defendant should be permitted to withdraw the plea when induced to make it through ignorance, fraud, or intimidation." *Id.*, citing Orfield, Criminal Procedure from Arrest to Appeal 301 (1947).

---

[6] After the trial court denied defendant's motion to withdraw his guilty pleas, the trial judge sentenced defendant in accordance with the pleas on the same date.

*     *     *

We also note that there is no support in the jurisprudence for a reviewing court to treat the denial of a pre-sentence motion to withdraw an unconditional guilty plea significantly differently from one denied after sentencing. Instead, "appellate review [is] confined to the question of whether the plea was voluntarily and intelligently entered, or should have been permitted to be withdrawn as involuntarily and unknowingly made[.]" *State v. Johnson*, 19-02004 (La. 12/1/20), 314 So.3d 806, 808-09.

*State v. Clues-Alexander*, 21-00831 (La. 5/13/22), 345 So.3d 983, 985, *reh'g denied*, 21-00831 (La. 6/28/22), 347 So.3d 886, and *cert. denied*, 143 S.Ct. 461, 214 L.Ed.2d 262 (2022).

At the hearing on his motion to withdraw his guilty pleas, defendant claimed that, at the advice of counsel, he hastily made the decision to plead guilty without having consulted his family and that he only entered into the plea because he was "scared of the sentence that [he] could possibly get if [] found guilty." The Louisiana Supreme Court has stated that: "For a defendant, a guilty plea often involves a choice between undesirable alternatives. The fact that neither road offers the prospect of a pleasant journey does not render the plea involuntary as a matter of law." *State v. Beatty*, 391 So. 2d 828, 830 (La. 1980). This "difficulty of choice is exactly why counsel's role at the guilty plea is absolutely critical in assuring that the defendant is able to weigh his options intelligently." *Id*. at 831.

A review of the record reflects that defendant was aware that he was pleading guilty to one count of manslaughter, two counts of obstruction of justice, and one count of possession of a firearm by a convicted felon. He was advised of his rights, and the consequences of waiving those rights, by both the trial judge verbally during the *Boykin* colloquy and through the written waiver of rights form he initialed and signed. During the colloquy, the trial court advised defendant of the sentences he would receive for each conviction: as to the amended manslaughter charge (count one), a sentence of twenty years at hard labor; as to the obstruction of justice charges (counts two and three), a sentence of ten years; and

as to the possession of a firearm by a convicted felon charge (count four), a sentence of fifteen years without the benefit of probation, parole, or suspension of sentence.

The record further reflects the benefits received by defendant as a result of the pleas—including the dismissal of two separate pending criminal cases, the amendment of his second degree murder charge to a manslaughter charge, and the State's agreement not to file a multiple offender bill against defendant. There is no evidence in the record to demonstrate that defendant was forced, coerced, or threatened to enter into the pleas or that he had been induced into the pleas through ignorance, fraud, or intimidation. Conversely, the record supports the trial court's conclusion that the guilty plea was knowing and voluntary, and entered into with the advice of counsel. Upon review of the record before us, we find that the trial judge did not abuse his discretion in denying defendant's motion to withdraw his guilty pleas. This assignment of error is without merit.

**ERRORS PATENT DISCUSSION**

This Court routinely reviews an appellate record for errors patent in accordance with La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990), regardless of whether a defendant requests an errors patent review. Upon review, the following errors patent require corrective action.

 Illegally Harsh Sentence as to Count One

First, the trial court sentenced defendant for his manslaughter conviction to twenty years imprisonment without benefit of probation or suspension of sentence. However, although a twenty-year term of imprisonment is within the statutory range, La. R.S. 14:31 does not provide for a restriction of benefits.

When a sentencing error involves the imposition of restrictions beyond what the legislature has authorized in the sentencing statute, the Louisiana Supreme

Court has ruled that the appellate courts "should not rely on La. R.S. 15:301.1(A) to correct the error as a matter of law but should correct the sentence on its own authority under La. C.Cr.P. art. 882 to correct an illegal sentence 'at any time.'" *State v. Sanders*, 04-17 (La. 5/14/04), 876 So.2d 42 (*per curiam*). Accordingly, under La. C.Cr.P. art. 882, we amend defendant's sentence to remove the restriction on benefits for his manslaughter conviction (count one). We further order the Clerk of Court for the 24th Judicial District Court to transmit notice of this amended sentence to the appropriate authorities pursuant to La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department. See *State v. Brown*, 17-346 (La. App. 5 Cir. 12/13/17), 234 So.3d 1134, 1137.

Sentencing Error on Obstruction of Justice Convictions

The transcript reflects that, at the guilty plea proceeding and on the waiver of rights form, defendant was advised that he would receive ten years at hard labor for each obstruction of justice conviction (counts two and three). However, the sentencing transcript reflects that the trial judge sentenced defendant as follows: "On the obstruction of justice it will be ten years at hard labor in Department of Corrections." Therefore, it appears that the trial judge failed to impose a separate sentence for each obstruction of justice conviction.

Ordinarily, the trial court must impose a separate sentence for each count on which a defendant is convicted. *State v. Collins*, 04-751 (La. App. 5 Cir. 11/30/04), 890 So.2d 616, 620. While the trial court's failure to impose a sentence for each count is considered a patent sentencing error, an exception exists to the general rule: when the sentences for a conviction on each count would more appropriately be concurrent rather than consecutive, and the term for the imprisonment is reasonable under the circumstances, the single sentence will not affect the substantial rights of the defendant, and remand for clarification or resentencing is

not necessary. *State v. Garcie*, 17-609 (La. App. 5 Cir. 4/11/18), 242 So.3d 1279, citing *State v. Hebert*, 02-1252 (La. App. 5 Cir. 4/8/03), 846 So.2d 60, 66.

La. C.Cr.P. art. 883 provides that sentences for two or more convictions "based on the same act or transaction, or constituting parts of a common scheme or plan," shall be served concurrently, unless the court expressly directs that some or all be served consecutively. In this case, the trial court failed to impose a separate sentence for each obstruction of justice conviction. Nevertheless, we find remanding for clarification unnecessary in this case.

The amended bill of information reflects that the first obstruction of justice charge (count two) alleges that defendant obstructed justice in the "intentional alteration, movement, removal, or addition to the rear bumper of a 2017 Chevrolet Impala Premier vehicle used during the commission of the homicide of Cornell Hampton." The second obstruction of justice charge (count three) alleges that, on September 10, 2019—the date of the victim's manslaughter as stated in count one—defendant obstructed justice by the "movement/removal of a 9 mm handgun from the scene relative to the homicide of Cornell Hampton." We find the two obstruction of justice charges are parts of a common scheme or plan surrounding the manslaughter of the victim in this case and, thus, the sentences on each obstruction of justice conviction would be more appropriately served concurrently. Further, the trial court ordered that all of defendant's sentences be served concurrently pursuant to the plea agreement. Thus, we find that a remand for clarification of sentences is unnecessary in this case. See *Garcie, supra*.

Illegally Lenient Sentence as to Count Four

The record reflects that defendant received an illegally lenient sentence as to his possession of a firearm by a convicted felon conviction. La. R.S. 14:95.1 provides that any defendant convicted for possession of a firearm by a convicted felon shall be "fined not less than one thousand dollars nor more than five

thousand dollars." La. R.S. 14:95.1. Although the trial judge referenced a fine "mandated by the statute" during the guilty plea colloquy, the sentencing transcript, sentencing minute entry, and the Uniform Commitment Order do not reflect the imposition of any fine in connection with defendant's conviction for possession of a firearm by a convicted felon.

Appellate courts have the authority to correct an illegally-lenient sentence at any time, even if the defendant has entered into a plea bargain and is negatively affected by the correction. *State v. Campbell*, 08-1226 (La. App. 5 Cir. 5/26/09), 15 So.3d 1076, 1081, *writ denied*, 09-1385 (La. 2/12/10), 27 So.3d 842. This Court has used that authority to remand a matter to the trial court for imposition of a mandatory fine. However, this authority is permissive rather than mandatory.

The record reflects that, at the August 15, 2022 guilty plea proceeding, the trial judge referenced a mandatory fine, but failed to impose that fine during the February 2, 2023 sentencing. We point out that the waiver of rights form executed in connection with the guilty plea does not reference any mandatory fine. Moreover, the record reflects that the State did not object at sentencing to the trial court's failure to impose the mandatory fine under La. R.S. 14:95.1. Under the facts of this case, we decline to amend defendant's sentence to impose the mandatory fine under La. R.S. 14:95.1. See *State v. Shaw*, 12-686 (La. App. 5 Cir. 1/16/13), 108 So.3d 1189, 1198.

Post-Conviction Advisal

The sentencing transcript reflects that the trial court failed to advise defendant of the provisions of La. C.Cr.P. art. 930.8, which states in pertinent part, "[n]o application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922." If a trial court fails to advise, or provides an incomplete

advisal, pursuant to La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief by means of its opinion. *State v. Mouton*, 22-444 (La. App. 5 Cir. 12/29/22), 358 So.3d 106, 122-23. Therefore, we hereby advise defendant that no application for post-conviction relief, including applications that seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.  See *State v. Wall*, 21-716 (La. App. 5 Cir. 12/7/22), 362 So.3d 847, 855, *writ not considered*, 23-00375 (La. 8/2/23), 368 So.3d 64, *reconsideration denied*, 23-00375 (La. 11/15/23).

## DECREE

For the reasons provided herein, we find that the trial judge did not abuse his discretion in denying defendant's motion to withdraw his guilty pleas. Accordingly, we affirm defendant's convictions.  As to defendant's sentences for his obstruction of justice convictions (counts two and three) and his possession of a firearm by a convicted felon conviction (count four), we affirm defendant's sentences for those convictions.   As to defendant's sentence for his manslaughter conviction (count one), we amend that sentence only to remove the restriction on benefits as stated herein.  The Clerk of Court for the 24th Judicial District Court is hereby ordered to transmit notice of this amended sentence to the appropriate authorities pursuant to La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department. See *State v. Brown*, 17-346 (La. App. 5 Cir. 12/13/17), 234 So.3d 1134, 1137. In all other respects, defendant's sentence on count one is affirmed.

**CONVICTIONS AFFIRMED; SENTENCES ON COUNTS TWO, THREE, AND FOUR AFFIRMED; SENTENCE ON COUNT ONE AFFIRMED, AS AMENDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 27, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-KA-233

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
ANDREA F. LONG (APPELLEE)          DOUGLAS E. RUSHTON, JR. (APPELLEE)          THOMAS J. BUTLER (APPELLEE)
KEVIN V. BOSHEA (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053